## THE STATE v. CHAMBERS.

1. To constitute the offence of larceny, by entering into and stealing from a dwelling house, out house, &c. there must be an entry against the consent of the owner, unless the crime be meditated at the time of a permissive entry.

NOVEL and difficult questions.

The prisoner was indicted and tried at the circuit court of Tuskaloosa, for entering a dwelling house and stealing therefrom, twenty-five dollars in bank notes. It was proved that the prisoner had stolen the money described in the indictment, from the prosecutor, and from his dwelling house. That at the time of the larceny, the prisoner was a hireling, and lived in the house of the prosecutor. The prisoner, by his counsel, asked the court to charge that these facts would not support the indictment, which the court refused, and charged the jury, that if he entered the house and committed a larceny therein, he was guilty, notwithstanding he was a boarder and lodger in the house.

THE ATTORNEY GENERAL, for the State—referred to the 12th Ann C. 7; and the 7 and 8 Geo. 4th C. 29, which he insisted did materially vary from the statute of this State, to show that the offence might be committed by a lodger in the house; also, to 2 Leach, 564, 645; 1 Russ. and Ryan's C. C. 417; 1 Moody, 89; 12 East, 634.

WHITFIELD, *contra*—insisted that the entry was a material part of the offence, and if that was lawful, the offence of stealing from a dwelling house, was not made out under the statute which required an entry, unless the entry in this case was with intention to commit the larceny—That the English statutes cited, were unlike ours in not requiring an entry into the house.

ORMOND, J.—The statute under which this indictment is framed, is as follows: "Every person who shall enter any dwelling house, store house, &c. and therein commit the crime of larceny, and be thereof convicted, shall be punished by imprisonment in the penitentiary, not less than three, nor more than six years."

The intention of this law was, to protect property under the sanction of the dwelling house or other depository mentioned in the act by making it more penal than ordinary larceny. To constitute the offence, there must be an *entry*, and we think it cannot be doubted that this entry must be against the consent of the owner, unless the crime be meditated at the time of such permissive entry.

The decisions under the English statutes, cited by the Attorney

General, have no application here. These acts do not require an entry as a constituent of the offence, and were evidently designed to protect the owner, not only against strangers, or such as were not entitled to access to the house, but also against the inmates of the house as servants and apprentices. Our act is evidently framed upon the supposition, that protection to property thus circumstanced, is only required against those who enter the dwelling house without the consent of the owner, or who obtain such consent with the design of committing the larceny. The entry, therefore, is an essential ingredient of the offence, and the court erred in instructing the jury to the contrary.

Let the judgment be reversed, and the cause remanded, to await a new trial of the prisoner, or until he be otherwise discharged by due course of law.