## HENRY (A FREEDMAN) *vs.* THE STATE.

[INDICTMENT FOR LARCENY IN DWELLING-HOUSE.]

1. *Larceny in dwelling-house: constituents of offense.*—Stealing clothes from the railing or banisters of a piazza attached to a dwelling-house, does not constitute the statutory offense of "larceny in a dwelling-house," under section 3170 of the Code.

FROM the Circuit Court of Pike.
Tried before the Hon. J. McCALEB WILEY.

THE indictment in this case, which was found on the 13th September, 1865, charged that the prisoner, "Henry, a freedman, former slave of William Harris, did feloniously take and carry away, from a dwelling-house, a pair of pants, of the value of two dollars, a pair of drawers, of the value of one dollar, and one shirt, of the value of five dollars, the personal property of William H. Harris; against the peace and dignity," &c. On the trial, as the bill of exceptions shows, one Mrs. Childs was introduced as a witness for the prosecution, who testified, "that about one month before the finding of the indictment, she washed the clothes which the defendant was charged with stealing, and then placed them on the railing in front of the house of William T. Harris, in said county, for the purpose of being

dried during the night, as they were then. wet; that she usually put clothes there, after washing them, for the purpose of being dried; that these clothes were not kept there, except when put there to dry, but were usually kept in a room; that the railing, or banisters, were on the edge of the piazza in front of the house, and were firmly connected with the house by the top and bottom timbers, being inserted in the walls; that the roof extended over them by several inches; that it was not necessary for the defendant to have entered the house to take the clothes; that he could have easily taken them, without entering the house at all, by walking up to the railing, or banisters, and pulling them off." Another witness for the State proved the ownership and value of the stolen goods, and that they were found in the defendant's possession. "This being all the evidence in the cause, the defendant asked the court to instruct the jury, that if the defendant took the clothes described in the indictment, from off the railing or bannisters where they were put by the witness Childs, then they must find him not guilty of larceny from a dwelling-house. This charge the court refused to give, and instructed the jury, that the railing or banisters constituted a part of the dwelling-house; and that if the defendant took them, with a felonious intent, from the place where the witness Childs testified she put them, then they must find the defendant guilty of larceny from a dwelling-house. To the charge given, and also to the refusal of the charge asked, the defendant excepted."

J. N. ARRINGTON, for the prisoner.
JNO. W. A. SANFORD, Attorney-General, contra.

A. J. WALKER, C. J.—The statute upon which the indictment is framed declares, that " any person who commits larceny in any dwelling-house " shall be imprisoned in the penitentiary, not less than three nor more than six years. To constitute this offense, larceny must be committed in a dwelling-house. The larceny in this case was committed by taking clothes from the railing on the outer edge of what appears to have been an open piazza, in front of

a dwelling-house, and attached to it. Now, such a piazza is not a house, and cannot be a dwelling-house. It may be attached to the house, and may, in some sense, be a part of the house; but it is not, of itself, a house. To be in such a piazza, is not to be in a house. It is rather an entrance to the house, than the house itself. A larceny, committed in the piazza, cannot be said to have been committed in, or inside of the house. The piazza is not within the spirit of the law, which attaches a sanctity to the house, and adds to the punishment on account of that sanctity.—*Point v. State*, 37 Ala. 148; *State v. Chambers*, 6 Ala. 855. Dwelling-house means the same in this statute as in the law of burglary. 2 East's Cr. Law, 644; *Ex parte Vincent*, 26 Ala. 145. In the language of East's Criminal Law, "The dwelling-house must be such wherein burglary may be committed." There could be no burglary predicated of a piazza, such as is described in the bill of exceptions; for there could be no breaking and entering, where there are no exterior walls. The prisoner cannot be convicted of the compound larceny, or larceny in a dwelling-house alleged.

The judgment of the court below is reversed, and the cause remanded; but the prisoner must remain in custody, until discharged by due course of law.