## THE STATE v. WELCH, *Appellant*.

**Ignorance of the Law, no Excuse for Crime:** LARCENY. Section 1315, Revised Statutes 1879, makes it larceny for the finder of lost property to make way with, or secrete the property with intent to convert it to his own use, with intent to defraud the owner. In an indictment founded on this section; *Held*, that evidence offered by the defendant to show that it was a general belief among the col-

ored people that property found, having no marks upon it to indi-
cate its ownership, belonged to the finder, was properly excluded.
Ignorance of the law is no excuse for its violation.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*James Limbird* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HENRY, J.—At the April term, 1880, of the Holt cir-
cuit court, the defendant was indicted under section 1315,
Revised Statutes 1879, and charged with having found $30,
the property of one Harrison Vandiver, and feloniously
made way with and secreted the same, with intent then
and there, feloniously, to convert it to his own use and
benefit, with intent to defraud the owner of the same, and
to which money defendant had not obtained the lawful
title.   The indictment is in the language of the statute,
and aptly states the facts constituting the offense.   The
defendant was convicted and sentenced to two years im-
prisonment in the penitentiary.   From the judgment he
has appealed.

There was evidence tending to establish the facts al-
leged in the indictment and fully warranting the convic-
tion.

The defendant offered evidence to prove that it was a
general belief among colored people in that county that
money or property found, having no marks upon it to in-
dicate its ownership, belonged to the finder.   The court prop-
erly excluded the evidence.   It is a principle as old as the
common law that ignorance of the law is no excuse for its
violation ; and the law is the same for a colored as for a white
person.   We have not now a criminal code for the whites
and a different one for the blacks.   Under our present con-
stitution no law making such a distinction would be of any
validity.   Wharton's Crim. Law, sec. 88, p. 1794, is cited as

sustaining the proposition that taking possession of money and determining to keep it under an honest belief of a right to do so because found, is a good defense. There is no section 88, at page 1794, and the sections on that page do not relate to the subject under consideration, but section 87, page 87, asserts the general proposition that "Ignorance or a mistake of fact is admissible for the purpose of negativing a particular intention," and that "Where a particular intent is necessary to constitute the offense, (*e. g.* in larceny *animus furandi,* in murder malice,) then ignorance or mistake is evidence to cancel the presumption of intent and to work an acquittal either total or partial." But in section 88, he says: "When a statute makes an act indictable irrespective of guilty knowledge, then ignorance of fact is no defense." On this proposition some learned authors differ in opinion from Mr. Wharton. Bishop, 4 South. Law Rev., (N. S.) 58.

However this may be, the section of our criminal code in question makes it a felony in a finder of goods or moneys belonging to another, to convert them to his own use with intent to defraud the owner, or to make way with or secrete them with that intent; and proof of ignorance of the law, or that the finder believed that he acquired the title by finding the property, does not tend to disprove the intent to convert it to his own use. If he did the act with the double intent named in the section, it is no defense that in his ignorance of the general law he supposed that by finding he became the owner of the property.

It would be no defense that he was ignorant of the section under which he was indicted, which of itself apprises him that lost property does not belong to the finder, and why his ignorance of the general law to the same effect should avail him as a defense, is beyond our comprehension. By imposing a severe punishment upon the finder who converts to his own use the property, of another, direct information is imparted that such does not become his by such finding. This is the import of the language of

the section, and it is in harmony with a legal principle well established long before that section was enacted. It will not be contended that ignorance of the statutory provision will excuse its violation, and if ever ignorance of law could constitute a defense it certainly will not do so when the identical section under which the accused is prosecuted informs him of the very principle of law of which he avers his ignorance. The instructions and rulings of the circuit court were in conformity with these views, and the judgment is affirmed. All concur.