## Ex parte HENRY THOMAS.

No. A.-8830.  Nov. 16, 1934.
(37 Pac. [2d] 829.)

H. J. Mackey, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.

Petitioner alleges he is unlawfully restrained by the chief of police of Oklahoma City. That he was arrested on a charge of disorderly conduct, and at the police sta-

tion a charge of public drunkenness was filed against him. That he was fined $15 and costs; that he appealed to the county court, was there tried, convicted, and fined $10 and costs. He alleges there was no competent evidence against him in either the police court or the county court. He contends the county court did not have jurisdiction for the reason that in appealing he did not serve the notice required by law and that therefore the appeal was not properly lodged in the county court.

The writ of habeas corpus cannot be used as an appeal, a writ of error, or certiorari. Only a lack of jurisdiction or errors or irregularities which divest the court of jurisdiction or render the judgment void can be raised by habeas corpus. If the evidence was insufficient or the conviction was based on incompetent evidence, his remedy is by appeal. His contention that the county court did not have jurisdiction of his appeal for the reason that he did not serve notice of appeal is wholly without merit. It is trifling with the court to contend that one convicted of a crime in an inferior court may appeal to the proper appellate court, invoke and submit to its jurisdiction, and when there convicted, then deny the jurisdiction of the court, because in appealing he had not strictly followed the statute in some matter of procedure.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur.