## ED BAKER v. STATE.

No. A-9854.   Sept. 17, 1941.

(117 P. 2d 174.)

Mac Q. Williamson, Atty. Gen., Jess L. Pullen, Asst. Atty. Gen., and Douglas Garrett, Co. Atty., of Muskogee, for the State.

J. F. Beavers, of Muskogee, for defendant.

BAREFOOT, P. J. Defendant, Ed Baker, was charged by information filed in the district court of Muskogee county with the crime of "larceny from a boxcar"; was tried, convicted and sentenced to serve a term of six months in the penitentiary, and has appealed.

The only contention of defendant for reversal of this case is that he was not guilty of any criminal intent, and that therefore the verdict and judgment and sentence is contrary to the law and the evidence.   The defendant

was charged with the violation of article 7, ch. 15, of the Session Laws of 1937, sections 1 and 2, O. S. A., Title 21, §§ 1723 and 1724, which are as follows:

(1) "Any person entering and stealing any money or other thing of value from any house, railroad car, tent, booth or temporary building shall be guilty of larceny from the house. Larceny from the house is declared to be a felony."

(2) "Any person convicted of larceny from the house shall be punished by imprisonment in the State Penitentiary for a period of time not to exceed five (5) years."

The record reveals that defendant resided near the railway tracks of the Missouri, Kansas & Texas Railway Company in the city of Muskogee. That on the 28th day of July, 1939, he was seen by various parties and officers on top of a railroad refrigerator car in the Missouri, Kansas & Texas yards. He was engaged in throwing "chunks" of ice from the car. Several other parties were there assisting him, among them was his wife. About 250 pounds of ice was found near the track behind a fence, and about 200 or 250 pounds more was on the ground where it had been thrown from the top of the car by defendant.

The evidence revealed that the car from which the ice was taken was an empty refrigerator car that was being transported to Fort Worth, Tex., for the purpose of being loaded for shipment. It had been iced at either Kansas City or Parsons, Kan. It was customary, when ordered, to ice refrigerator cars so they would be cold when loaded. The ice was placed in the cars from the top and there was a door in the car which closed and kept the ice from melting. It was from these doors that the ice was being taken by defendant and thrown to the ground from the top of the car. The evidence also revealed that the refrigerator car from which the ice was

taken was a part of a through train which had arrived in Muskogee just a short time before the defendant was arrested. The engine had been detached from the train for the reason that the crews were being changed, and the car was taken to Fort Worth soon after the defendant was arrested. The evidence revealed that the other parties were not detained by the officers. Defendant was charged alone and was tried and convicted.

It was also developed that in recent times the railroad company had lost considerable personal property, consisting of ice, coal and other personal property, from its cars in the Muskogee yards.

Defendant, testifying in his own behalf, admitted the taking of the ice, but as an excuse testified that it was customary to take ice from empty cars in the yard, and that he and others had done so many times before and at times with the consent of employees of the railroad company. He admitted that no one gave him authority to take the ice on the occasion of his arrest and that he had asked the others to go with him and help him get it. The defendant also admitted that he had served a term of three years in the penitentiary of this state "for shooting a man."

The state in this case contends that the appeal should be dismissed for the reason that the record does not show that notice of appeal was served upon the court clerk of Muskogee county, as provided by statute. Okla. Sts. 1931, section 3193, O. S. A. Title 22, § 1055.

We have examined the record and find that this is true. There is authority for dismissing the appeal for this reason. Burgess v. State, 18 Okla. Cr. 574, 197 P. 173; Robinson v. State, 17 Okla. Cr. 717, 189 P. 763. But inasmuch as the recent 1941 Session of the Legislature

passed a law that no summons in error shall be required and the party desiring to appeal shall only give notice in open court, either at the time the judgment is rendered or within ten days thereafter, of his intention to appeal to the Criminal Court of Appeals, Session Laws 1941, p. 89, 22 Okla. St. Ann. § 1055, we have decided to examine the record and pass upon the merits of this appeal.

The statute under which defendant was charged was passed by the Legislature of this state in 1937. We have had occasion in two cases to refer to this statute. Gransbury v. State, 64 Okla. Cr. 408, 81 P. 2d 874; Potts v. State, 72 Okla. Cr. 91, 113 P. 2d 839. The questions there involved do not touch upon the question here involved, but they do give the intention and purpose of the Legislature in enacting this statute. It should be noted that the penalty prescribed by the statute is "imprisonment in the State Penitentiary for a period of time not to exceed five (5) years." It does not provide for a jail sentence or the payment of a fine. When this case was orally argued before this court at the time of its submission, the court suggested to the attorney for defendant that he brief the question as to whether or not we had the right, under the statute, to modify this judgment and sentence to a jail sentence or a fine. Counsel in his brief says:

"Pursuant to the directions of this court at the time of oral argument, we have searched the law and the authorities in an effort to ascertain whether or not this court could reduce his punishment to a term in the county jail. We confess that we are unable to find such authority if it exists."

We had not read the record at the time of the oral argument and if we had the authority under the statute we might deem it wise to modify the judgment and sentence in this case by reason of the fact that the amount

of property taken was only of the value of $2.50 or less, yet there are facts and circumstances in this case which might cause us to hesitate to modify this judgment and sentence had we the power to do so.

As to the proposition of defendant's intent to commit a crime, we think that the proof is amply sufficient under the laws and facts to show that defendant intended to steal the property and appropriate the same to his own use. The fact that he had taken about 500 pounds of ice from the car, that a part of it had been taken from the tracks before he was apprehended, that it was necessary for him to go on top of the car and for someone to go through the door and into the car to procure the ice, and the further fact that the car was part of a through train and was not an empty car standing on the siding, were all facts for the consideration of the jury upon the question of intent. We think the jury did not err in finding the defendant guilty and that the property was taken with the intent to deprive the owner thereof and to appropriate the same to his own use and benefit. 36 Corpus Juris 767, § 109; Taylor v. State, 65 Okla. Cr. 432, 88 P. 2d 665; Drossos v. United States, 8 Cir., 16 F. 2d 833; Wilson v. State, 50 Okla. Cr. 310, 297 P. 826; Lawrence v. State, 20 Tex. App. 536, 540; Lancaster v. State, 3 Cold. (Tenn.) 339, 91 Am. Dec. 288; Vick v. State (Tex. Cr. App.) 69 S.W. 156; Crockford v. State, 73 Neb. 1, 102 N.W. 70, 119 Am. St. Rep. 876; State v. Welch, 73 Mo. 284, 39 Am. Rep. 515.

Under the law and the evidence we are of the opinion that the judgment and sentence of the district court of Muskogee county should be affirmed, and it is so ordered.

JONES, J., concurs. DOYLE, J., absent.