In re OLEN GABLE.

No. A-10042. Nov. 5, 1941.

(118 P. 2d 1035.)

156

Kight & Kight, of Claremore, for petitioner.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for the State.

BAREFOOT, P. J. Petitioner, Olen Gable, has filed in this court his petition for writ of habeas corpus, and as grounds therefor states that he is now illegally restrained of his liberty in the State Penitentiary at McAlester. The record, the response filed by the warden of the penitentiary, and the briefs of the parties reveal that petitioner, Olen Gable, was on October 31, 1939, sentenced by the district court of Mayes county on a plea of guilty to serve a term of two years in the penitentiary for the crime of larceny of domestic animals, the same being case No. 1157. He was received at the penitentiary at McAlester on November 29, 1939, to begin said sentence, and his sentence expired on February 13, 1941.

The record further reveals that on November 28, 1939, the district court of Rogers county (the same district judge presiding in both Mayes and Rogers counties), in case No. 1694 against the petitioner, Olen Gable, sentenced him on a plea of guilty for the larceny of domestic animals to serve a term of two years in the State Penitentiary at McAlester. It was provided in the judgment and sentence that it was "to run concurrent with sentence in Case No. 1157 Mayes county." The petitioner, Olen Gable, was "dressed in" to serve out the Rogers county sentence in case No. 1694 at the expiration of the Mayes county sentence on February 13, 1941. Petitioner is now being required to serve out this time which will expire, with due allowance for good conduct and work credits, on May 30, 1942.

The record further discloses that on the 25th day of February, 1941, or 13 days after petitioner began the service of his Rogers county sentence, application for writ of habeas corpus was filed by petitioner in the district

court of Rogers county while he was confined in the State Penitentiary at McAlester, in Pittsburg county, it being contended that the judgment and sentence rendered in the district court of Rogers county in case No. 1694 on November 28, 1939, was invalid for the reason that the district court of Rogers county was without authority to make the judgment and sentence run concurrently with the Mayes county judgment and sentence. When this petition was heard by the district judge of Rogers county on March 4, 1941, he denied the petition for the writ for the reason that a habeas corpus action can only be maintained in the county where the petitioner is confined, which was in this instance in Pittsburg county, not in Rogers county, holding that the petition could be maintained only in Pittsburg county or in the Supreme Court or the Criminal Court of Appeals of this state. This was in accord with the holding of the Supreme Court of this state in the case of Ex parte Gonshor, 113 Okla. 101, 239 P. 249. Immediately upon the entering of the order denying the writ of habeas corpus, counsel for petitioner filed a motion in the original case against petitioner, No. 1694 in Rogers county, asking the court to set aside and vacate the judgment and sentence rendered in said cause on the 28th day of November, 1939, for the same reason stated in the application for writ of habeas corpus heretofore referred to. The court sustained the motion and entered an order attempting to vacate and set aside the said judgment and sentence. In said order it was stated: "Said Olen Gable entered his plea of guilty to said charge of cattle theft in Rogers county, Oklahoma, upon an agreement and stipulation with the county attorney of Rogers county, Oklahoma, and an acquiescence by this court that if the said Olen Gable would enter his plea of guilty to the cause in Rogers county, Oklahoma, that the court would sentence him to a period of two years in the State

Penitentiary at McAlester, Oklahoma, to run concurrently with the judgment and sentence imposed on the 31st day of October, 1939, in Mayes county, Oklahoma," and for the reason that the court was without jurisdiction, as aforesaid, to make said two-year term run concurrently with the two-year term in the Mayes county case. Said order also directed that:

"If and when the defendant has served and satisfied the judgment and sentence of the court rendered in the Mayes county case on the 31st day of October, 1939, being cause No. 1157 Criminal from Mayes county, Oklahoma, that the defendant be held by the warden of the penitentiary for the sheriff of Rogers county, Oklahoma, and that he be by the sheriff of Rogers county, Oklahoma, immediately returned to the county of Rogers said State of Oklahoma to await action of the court in this cause."

The warden of the penitentiary at McAlester, upon the advice of the Attorney General of the state, refused to recognize the order of the district court of Rogers county to return petitioner to Rogers county and so informed the court by letter. Petitioner then on the 24th day of March, 1941, filed his petition for writ of habeas corpus in this court for his discharge. The allegations are as set forth in the above statement.

It is contended by petitioner that by reason of these facts he is illegally restrained of his liberty and is being unlawfully confined in the penitentiary at McAlester. It is contended by the Attorney General, representing the warden of the penitentiary, that the restraint is not illegal and that he is rightfully being held by the warden under the judgment and sentence of the district court of Rogers county entered on the 28th day of November, 1939, and which will expire on May 30, 1942, as aforesaid.

There is no question in this case but that it was the understanding and intention of the district judge, the county attorney, and the attorneys representing the peti-

tioner, that, when the judgment and sentence was entered in Rogers county in case No. 1694 on the 28th day of November, 1939, sentencing petitioner to two years in the penitentiary, the judgment and sentence should run concurrently with the Mayes county judgment and sentence entered on the 31st day of October, 1939. The record in this case contains a statement made by the district judge, and in this statement which was made at the time of entering the judgment, indicating that there was a doubt in his mind whether it could lawfully be done, he said:

"In the Olen Gable case, the county attorney was inclined to recommend leniency, but the matter of parole could not be considered since he had entered a plea of guilty and had been sentenced in Mayes county. The county attorney and the defendant, and his counsel had an understanding and agreement, subject to the approval of the court, that the defendant, Gable, would plead guilty to the Rogers county charge, and take a sentence of two years, provided the court would order that it run concurrent with the two year sentence imposed in Mayes county.

"This was presented to the court by the county attorney, and the attorney for the defendant in the presence of the defendant, the sheriff, the defendant's father, and other persons interested in the case, and the county attorney recommended that the understanding and agreement be carried out.

"It was contended that such an order could be lawfully made by the judge, since he had heard both cases, and since the cases arose in the same judicial district. After some discussion, I stated that I was willing to follow the county attorney's recommendation, and that under the facts and circumstances in the case, I felt that it would be proper that the sentences run concurrent if it could lawfully be done. I stated that I had my doubts as to whether such an order could be made. My recollection is that the county attorney was of the opinion that

it could be made. No law was presented to the court, and I had never had the matter presented to me before. I sentenced Olen Gable to two years, and ordered that it run concurrent with the sentence I had imposed on him in Mayes county. * * *

"Well, of course, I didn't know this was going to be —there was going to be any particular contest in this matter. As I said this morning, the defendant plead guilty in Mayes county, and then came over here and plead guilty through arrangements with the county attorney and the prosecuting witness—interested parties—with the understanding that if he plead guilty here, it would run concurrent with the Mayes county sentence. He came in before the court, and they presented the matter before the court, and stated the attitude of the prosecution and the attitude of the prosecuting witness, and other persons interested—stated what the agreement and understanding was with the defendant. At that time the court raised the question of whether or not such a sentence could be imposed to run concurrent with the Mayes county sentence, and there was a lot of discussion about it. I think the attorneys seemed to think it might be within the law of this state, so the court acquiesced in this agreement and provided that the sentence would run concurrent with the Mayes county sentence.

"Now, if that hadn't been done, I don't know, but probably the defendant would have stood trial. I don't know what kind of a case they had against him except in a general way, but without that agreement and understanding, he might have stood trial, and might have been acquitted; and on the other hand, might have been convicted. The point is, it was a solemn agreement; that agreement having been made with the defendant, the state ought to keep faith with it, and it turned out, I won't say just like I thought, but as I apprehended."

This court has the same feeling as did the trial court, but under the law of this state as enacted by the Legislature the court did not have the right or authority to enter the order that the judgment and sentence should

run concurrently as was entered in the Rogers county case No. 1694. This question has been fully discussed and the authorities cited in the late case of In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509, and following it, Ex parte Doll, 73 Okla. Cr. 34, 117 P. 2d 547. It is unnecessary to here quote from these decisions. They may be read by those who desire to do so.

The contention of petitioner that the Flowers Case, supra, and the cases of In re Johnson, 58 Okla. Cr. 209, 52 P. 2d 107, and Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, support the contention of petitioner, that the judgment and sentence in the case in Rogers county was null and void and therefore he is entitled to be released by writ of habeas corpus, is untenable. These cases do not hold that a judgment and sentence is null and void simply because it may improperly provide that the term of imprisonment set forth therein is to run concurrently with the term of imprisonment set forth in a prior judgment and sentence. These cases only hold that that part of the second judgment and sentence which provides that the term of imprisonment set forth therein is to run concurrently with the term of imprisonment set forth in the first judgment and sentence is null and void, and that the defendant will be required to serve said latter term of imprisonment the same as if said second judgment and sentence had not contained said provision.

These cases well illustrate when the courts have held that a judgment and sentence such as above mentioned will be held null and void, and that one will be entitled to be released on habeas corpus only where a defendant is young and inexperienced, not represented by counsel, and is improperly advised of his constitutional rights by the trial court, but this is not the fact in the instant case. Here the petitioner, Olen Gable, was 24 years of

age at the time the judgment and sentence was rendered against him. There is nothing in the record to indicate that he was uneducated or inexperienced. He was represented by eminent counsel of his own choosing. They advised with him and the trial court before entering his plea of guilty. They were informed by the court that he did not believe that he had the authority to enter the judgment and sentence under the law providing for a concurrent running of the sentence with a judgment and sentence entered in another county and at a different time, but that if counsel for defendant and the county attorney thought he had that right, he would so act.

It is strenuously contended by petitioner that the judgment and sentence in the Rogers county case being void, the same court which rendered the void judgment has the right within a term of three years or at any other time to set the same aside, and that the order of the district court of Rogers county entered on the 4th day of March, 1941, setting the same aside, was proper and should be sustained It has already been stated that the judgment and sentence entered in Rogers county was not a void judgment. Only that part of the judgment in which it is stated that it was to run concurrently with the Mayes county judgment was illegal. It will be noted from the record in this case that petitioner had begun the service of his sentence in the Rogers county case on February 13, 1941, and the application for writ of habeas corpus and motion to vacate and set aside the judgment were not filed until the 26th day of February, 1941, the same being after the date such service had begun.

This court in the case of Yoder v. State, 66 Okla. Cr. 178, 90 P. 2d 669, 673, states:

"One of the grounds of the motion for new trial was error in overruling the plea of former jeopardy. * * *

"The record affirmatively shows that the judgment

or order of said superior court was not reconsidered, set aside or modified at any time during the term at which it was rendered * * *.

"The question presented has been fully considered and answered by this court in the case of Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 714, 45 L.R.A., N.S., 60. The language of that opinion is as follows:

" 'The general power of a court to reconsider its judgment and sentence and reverse, vacate, or modify it at any time during the term in which it was rendered, or to increase or diminish the sentence which it has imposed, where the original sentence has not been executed or put into operation, is undeniable. Bish. New Crim. Proc. § 1288, and cases cited. This power is inherent in all courts of record. However, it would seem there must, in the nature of the power thus exercised by the court, be in criminal cases some limit to it. * * *

" 'We think this provision of the Bill of Rights, and the principle therein declared, is broad enough to mean that no person can be twice lawfully punished for the same offense. The one follows from the other, and this constitutional provision is designed and intended to protect the accused from a double punishment as much as to protect him from two trials. For this reason we think that where a judgment and sentence has been executed and satisfied that ends the prosecution, exhausts the power of the court, and terminates its jurisdiction, and the court is without power or jurisdiction to render another judgment and sentence in the case.

" 'The leading case upon this question is Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872. In that case the defendant was convicted of appropriating mail bags, of the value of less than $25, the punishment for which offense, as provided by statute, was imprisonment for not more than one year or a fine of not less than $10 or more than $200. The sentence was one year's imprisonment and $200 fine. The defendant was committed in pursuance of the sentence and paid the fine the day after his commitment. On the second day after his commit-

ment he was brought by habeas corpus before the same judge who sentenced him, who vacated the former judgment and sentenced the defendant anew to one year's imprisonment. The case came before the Supreme Court of the United States on habeas corpus, and the defendant was discharged, on the ground that, where a statute imposes as a punishment a fine or imprisonment, and the court has both fined and imprisoned the defendant, who thereupon pays the fine, the court has no power, even during the same term, to modify the judgment by imposing imprisonment instead of the former sentence. One of the alternative requirements of the statute having been satisfied, the power of the court as to the offense was at an end.' * * *

"It follows from the foregoing review of the record, the authorities quoted, and the laws, that after the defendant had complied with the agreement to dismiss the prosecution by paying into court all costs in the prosecution of the case, and satisfied the order and judgment, the superior court was without jurisdiction to render a second judgment and sentence upon the same charge, or to reconsider its order or judgment after the costs had been paid, as in this respect the power of the court must be exercised when the original judgment is rendered.

"It goes without saying that the district court, exercising a co-ordinate jurisdiction in said county, was without jurisdiction to try an information for the same offense, subsequent to the order and judgment of the superior court, having been satisfied."

This case has recently been followed by this court in the case of Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419. See, also, Ex parte Pruitt, 41 Okla. Cr. 318, 273 P. 288.

From the above cases it will be seen that, even though the judgment and sentence was null and void, inasmuch as said judgment and sentence was not vacated during term-time and before a part of the penalty imposed had been served, the trial court was without authority to set aside and vacate the same.

The cases referred to in petitioner's brief refer to judgments in civil cases and have no application to a judgment and sentence in a criminal case. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L.R.A., N.S., 60. Of course, we do not mean to hold that, if a judgment and sentence is actually null and void, a court of competent jurisdiction in a proper habeas corpus action cannot vacate the same and order the defendant released, but we do hold that a judgment and sentence in a criminal case cannot be vacated after term-time by the trial court, especially where a part of the penalty imposed therein has been served and satisfied.

It will be noted that if the order vacating the judgment of Rogers county was valid, it would be impossible under the double jeopardy provision of section 21, art. 2, of our State Constitution, Okla. St. Ann., and under the principles of law as set forth in the Yoder and Meadows Cases, supra, to again try petitioner for the offense with which he stood charged in Rogers county, this for the reason he had already served a part of his sentence in said cause.

We, as stated by the trial court, are of the opinion that if defendant entered his plea of guilty on the faith that he was to receive but a two-year sentence in the cases from Mayes county and Rogers county, and that the judgments and sentences should run concurrently, this promise should be carried out. As stated by us in the Doll Case, supra [73 Okla. Cr. 34, 117 P. 2d 548],

"The question of righting this wrong is a matter that may be presented to the Governor under the Constitution and statutes of this state."

For the reasons above stated, the petition for writ of habeas corpus is hereby denied.

JONES and DOYLE, JJ., concur.