## Ex parte CONWAY WRIGHT.

No. A-10128.  Nov. 12, 1941.

(119 P. 2d 97.)

R. O. Ingle, of Sallisaw, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

BAREFOOT, P. J.   Petitioner, Conway Wright, is confined in the state penitentiary at McAlester, where he is serving a term of two years.   In his petition for habeas corpus it is contended that he is illegally restrained for the reason that the judgment and sentence rendered against him in Sequoyah county is illegal and void.

He was charged with the larceny of one bottle of bay rum, valued at about 25 cents.   It was alleged that this property was taken from Bob Rigg's store at Sallisaw, the same being a store building, etc.   This charge was

based upon an act of the Legislature of 1937, Laws 1937, p. 14, section 1; Oklahoma Statutes Annotated, title 21, section 1723, which is as follows:

"Any person entering and stealing any money or other thing of value from any house, railroad car, tent, booth or temporary building shall be guilty of larceny from the house. Larceny from the house is declared to be a felony."

It is contended that the petitioner should have been charged with the commission of a misdemeanor by reason of the value of the property being less than $20, and should not have been charged with a felony. Petitioner relies upon the case of Potts v. State, 72 Okla. Cr. 91, 113 P. 2d 839, 842, decided by this court on the 21st day of May, 1941. In the Potts Case we stated:

"It is also urged that the amended information fails to allege facts sufficient to constitute a crime under the statute upon which this prosecution is based, it being contended that the statute names five specific places which it is unlawful to enter and steal money or property, viz., 'any house, railroad car, tent, booth or temporary building', and that it was not the intent to include therein a building such as a store where people are invited to enter and trade at all times. While it is not necessary to pass upon this question at this time, in view of what we have heretofore stated, we will say that this raises a very serious question, and there is much doubt in our minds that the Legislature intended to include a store in this enumeration. If they did, it would have been very easy for them to have so stated. If they did so intend, it would mean a wiping out of existence the petit larceny statute of this state when property was stolen from a store building. The property alleged to have been stolen in the instant case was two dresses of the value of $13.80, but if an orange of the value of five cents or any other property of a value less than $20 had been stolen the party would be guilty of a felony and would be sent to the penitentiary. We think there is

grave doubt as to whether it was the intention of the Legislature that the terms of this statute should include a building operated as a store where the public is invited to enter and trade."

It will be noted from the above statement that it was not essential to a proper decision of that case for us to pass upon the question of whether the word "house" as used in the statutes includes a building used as a "store" where people are invited to enter and trade at all times. We there stated that, while it was not essential to pass upon that question, there was much doubt in our mind whether the Legislature intended to include a store open to the public within the enumeration. The exact question was not before us in the Potts Case and the same was not briefed or decided.

However, in both his brief and oral argument petitioner has admitted that the word "store" came within the term "house." This therefore eliminates this question from our consideration. However, it is contended by petitioner that the statute does not apply "to larceny from a public store where the public may enter during business hours and trade, and the larceny was committed and the goods taken were of the value of only 25 cents," the contention being that the "entering" is a part of the crime and there being no unlawful entry, no crime was committed where one lawfully enters the premises; that the only crime committed was the unlawful taking of the bottle of bay rum of the value of 25 cents, which under the law would be a misdemeanor. To support his contention petitioner relies particularly upon the case of State v. Chambers, 6 Ala. 855, and a statement in The Law of Crimes (2d Ed.) by Clark and Marshall, at page 500, which states:

"Some statutes, however, punish anyone who shall enter a house and commit the crime of larceny, thus mak-

ing an entry an element of the offense; and it has been held that under such a statute the entry must be without the consent of the owner or occupant, unless there is an intent to steal at the time of the entry."

The opinion in the Chambers Case, supra, was delivered in 1844. The statute under which the indictment was framed was as follows:

"Every person who shall enter any dwelling house, store house, &c. and therein commit the crime of larceny, and be thereof convicted, shall be punished by imprisonment in the penitentiary, not less than three, nor more than six years."

It is true that this statute is very similar to our statute. In this case the larceny was committed by a servant or hireling who was living in the dwelling house of the prosecutor. He was there by his consent at the time the property was stolen, and the court in a very short opinion, without the citation of authority, held that to constitute the offense of larceny by entering and stealing from a dwelling, there must be an entry against the consent of the owner or the crime be meditated at the time of the permissive entry; that an entry is an essential ingredient of the offense.

In the instant case defendant was charged in the information as follows:

"That is to say, the said Conway Wright in the county and state aforesaid, and on or about the date aforesaid, then and there being, did then and there unlawfully, willfully, wrongfully and feloniously enter a certain store building, to wit, Bob Rigg's store, Sallisaw, Oklahoma, and take, steal and carry away one bottle of bay rum valued at about 25 cents and of the personal property of the said Bob Rigg's store, from said building, with the unlawful, fraudulent and felonious intent then and there on the part of him, the said Conway Wright to deprive the said Bob Rigg's store of said property

and to convert the same to the use and benefit of him, the said Conway Wright, the same being contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state."

He entered his plea of guilty. There was no trial. This plea of guilty carries with it, not only the presumption of guilt as alleged in the information, but a conclusive judgment or confession that he was guilty. This carries with it the assumption that he entered the store "unlawfully, willfully, wrongfully and feloniously," as alleged in the information. There is no proof in this case whatever of a lawful entry or an entry by invitation. This is a different state of facts than if the case was here on appeal with a record of the testimony before us that there had been no unlawful entry or no trespass. This cannot be settled by habeas corpus, but should be by appeal where the record is made. In the case of Baker v. State, 73 Okla. Cr. 13, 117 P. 2d 174, we affirmed the case which involved a construction of this identical statute where the evidence revealed the larceny from a "boxcar," and the value of the property was only $2.50. However, in that case, which was before us on appeal, the record revealed that the defendant was a trespasser upon the property of the railroad company, and while we believe that the statute in question means there shall be an unlawful entry or entry by trespass upon the property, yet where a defendant enters his plea of guilty there is a confession on his part that he violated the terms prescribed by the information as above set forth. Unless this construction is placed upon the statute, it virtually wipes out the crime of petit larceny, where one steals property of any value from a store, or any place where they may lawfully be, as covered by the statute. We cannot believe that it was the intention of the Legislature to do this. On a trial, where one is charged with

a violation of this statute we are of the opinion there would be a question of fact as to whether there was an unlawful entry, or an entry by trespass. This, of course, could be proved by either direct or circumstantial evidence.

Petitioner was given a two-year sentence in the penitentiary for the larceny of a 25 cent bottle of bay rum. This being an application for writ of habeas corpus and not being here on appeal, we cannot modify the sentence. We will state, however, that had we the power, this sentence would be modified. The record reveals that petitioner has served 12 months in the penitentiary

Under the Constitution and laws of this state the pardon and parole power is in the hands of the Governor of the state, and as stated in the case of Ex parte Olen Gable, 73 Okla. Cr. 155, 118 P. 2d 1035:

"The question of righting this wrong is a matter that may be presented to the Governor under the Constitution and statutes of this state."

For the reasons above stated, petition for writ of habeas corpus is hereby denied.

JONES and DOYLE, JJ., concur.