# Ex parte JOHN CASSIDY.

No. A-10771.   Nov. 6, 1946.

(174 P. 2d 271.)

John Cassidy, pro se.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for respondent.

JONES, P. J.   This original proceeding in habeas corpus was instituted by the petitioner John Cassidy to secure his release from confinement in the State Penitentiary.

The petition for a writ of habeas corpus was prepared by the petitioner himself. It consisted mainly of conclusions of law, but after a consideration of the same and because of our desire to liberally construe any petition for a writ of habeas corpus in order to determine whether a person may be illegally confined, a rule to show cause was issued and a response has been filed on behalf of the warden by the Attorney General.

After the response of the warden was filed in which was attached a photostatic copy of the judgment and sentence of the district court of Craig county showing that the petitioner had been committed to the penitentiary from that county to serve a term of three years' imprisonment upon a plea of guilty to an information charging the crime of larceny from a building, the petitioner then sent a letter to the clerk which was treated as an amendment to his petition in which apparently he abandons all grounds set forth in his petition except he contends in his letter that he "broke into the building in the daytime and took only two old worn-out suits of clothes and a pair of boots, the value at the most figures $7.00. I am serving on my ninth month, second prison year, up to date my record is clear, I have been arrested several times, but always drunk petty larceny charges, don't do them things only when crazy drunk."

The response of the warden shows that the petitioner is serving his fourth term of imprisonment in the State Penitentiary.

This court has no jurisdiction in a habeas corpus proceeding to modify the punishment imposed upon the accused. Our jurisdiction in such proceeding is limited to the sole question as to whether or not the judgment and sentence pronounced against the defendant is void. Ex

parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550; Ex parte Cameron, 78 Okla. Cr. 42, 143 P. 2d 164.

It has been said that if the court had jurisdiction of the accused and the crime charged, and did not exceed its lawful authority in passing sentence, its judgment is not void whatever errors may have occurred during the trial and habeas corpus will not lie. In re Knight, 75 Okla. Cr. 316, 131 P. 2d 506.

A similar case to the one at bar was the case of Ex parte Wright, 73 Okla. Cr. 167, 119 P. 2d 97, 99. There the petitioner entered a plea of guilty to the charge of larceny of one 25 cent bottle of bay rum from a store and was sentenced to serve two years in the State Penitentiary In disposing of that case it is stated:

"Petitioner was given two-year sentence in the penitentiary for the larceny of a 25 cent bottle of bayrum. This being an application for writ of habeas corpus and not being here on appeal, we cannot modify the sentence. We will state, however, that had we the power. this sentence would be modified. The record reveals that petitioner has served twelve months in the penitentiary.

"Under the Constitution and laws of this state, the pardon and parole power is in the hands of the Governor of the state, and as stated in the case of Ex parte Gable (73 Okla. Cr. 155), 118 P. 2d 1035, * * *

" 'The question of righting this wrong is a matter that may be presented to the Governor under the Constitution and statutes of this state.' "

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.