## Ex parte WILEY MERRITT.

No. A-11076. Sept. 29, 1948.
(198 P. 2d 231.)

Wiley Merritt, of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J. This is an original action styled "Petition in Habeas Corpus for Reduction of Sentence" instituted by the petitioner, Wiley Merritt, who is now an inmate of the State Penitentiary at McAlester. The

Attorney General on behalf of the respondent, warden of the State Penitentiary, has filed a demurrer to the petition.

The verified petition alleges that the petitioner was convicted in the district court of Comanche county of the crime of robbery with firearms and sentenced to serve 15 years' imprisonment in the State Penitentiary. There are set forth in the petition, numerous allegations of fact supported by written statements of individuals attached to the petition for the purpose of showing that on the date of the alleged crime the petitioner was in the State of Texas working at a cafe in Dallas, and was therefore not guilty of the crime. It was also shown by the record that this defense was presented to the jury and disregarded by them. There is a strong showing, including a letter from the county attorney from Comanche county, indicating a belief that the petitioner was innocent of the crime. The county attorney who wrote the letter, however, was the attorney who represented the defendant at the trial and was not the county official who conducted the prosecution.

It is established law that on application for writ of habeas corpus, the Criminal Court of Appeals is without jurisdiction to modify the petitioner's sentence. Ex parte Wright, 73 Okla. Cr. 167, 119 P. 2d 97; Ex parte Cassidy, 83 Okla. Cr. 159, 174 P. 2d 271.

This court is limited in habeas corpus cases, brought by an inmate of the penitentiary seeking release from custody, to an examination of the record to determine whether the judgment and sentence under which the inmate of the penitentiary is serving is void. In the instant case the punishment assessed in accordance with the verdict of the jury was within the limitations fixed

by statute upon a conviction for a crime of robbery with firearms. Tit. 21 O. S. 1941 § 801.

Since the relief sought is for a reduction of sentence based upon the alleged innocence of the petitioner so that with the reduced sentence he would be eligible for release from the State Penitentiary, it is evident that the relief sought cannot be granted.

The writ of habeas corpus is therefore denied.

BAREFOOT, P. J., and BRETT, J., concur.