## Ex parte JACKSON.

No. A-11647. July 23, 1952.

(247 P. 2d 533.)

Guy L. Andrews, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Ass't Att'y. Gen., for respondent.

POWELL, J.  Jessie J. Jackson, through his attorney, filed herein on September 25, 1951, petition alleging that he was unlawfully imprisoned at the Oklahoma State Penitentiary at McAlester by the warden, Jerome J. Waters.

A rule to show cause was issued by this court on September 27, 1951, and the matter was set for hearing for October 24, 1951, at 10 a.m.  Response was not filed until October 20, 1951, and on date of hearing no one appearing for defendant, the case was reset for November 14, 1951.  No one appearing for defendant on the later date, the case was submitted on the record, although the Attorney General announced that there were necessary records to be obtained from the district court of Lincoln county.  On July 14, 1952, the Attorney General filed in the within case an amended response to the order to show cause, attached to which was a certified copy of the judgment and sentence in case No. 2758, in the district court of Lincoln county, State v. Jessie L. Jackson, where he was charged with kidnapping and had entered a plea of guilty; together with a copy of the minutes of the court clerk of Lincoln county made in the above case on September 23, 1944, when the judgment in question was entered, and reading: "2758, State v. Lee Skinner, Jessie Jackson, Ernie Jordan and Leonard Preach.  Defendants and each appear in person and waive their rights to counsel.  State of Oklahoma appearing by Walter Wilson, assistant county attorney.  Defendants and each of them enter plea of guilty and sentenced to two (2) years each in the State Penitentiary at McAlester, Oklahoma.  Page 64-A."

Also attached was a certified copy of the appearance docket in said case showing that Jessie J. Jackson and three codefendants were present in court on September 23, 1944, that each waived his right to counsel, each entered his plea of guilty, and each was sentenced to two years in the penitentiary, and on the same day judgment and sentence issued as to each defendant, but same was not returned and filed until August 4, 1951; and also attached was unsigned copy of the sheriff's report dated September 26, 1944, reporting escape of Jessie J. Jackson, and also attached was a copy of the penitentiary record of defendant showing that he was only received June 9, 1951, to commence the sentence imposed September 23, 1944, and that this was defendant's third term.

In his petition it is alleged by petitioner that his restraint is on account of a purported judgment and sentence of the district court of Lincoln county, Oklahoma, but it is asserted that the judgment is void in that it is not signed by any one having authority to sign the same; that it purports to have been rendered in 1944, but was not placed of record until petitioner filed a petition for writ of habeas corpus in the district court of Pittsburg county, Oklahoma, on July 31, 1951; that petitioner never had an opportunity to appeal from the judgment because the same was never placed of record or on file in the court clerk's office and that such judgment and sentence would have to be shown in the case made before the Criminal Court of Appeals would have jurisdiction over an appeal that might have been filed by petitioner; and that Tit. 22 O.S.A. § 977, requires that a copy of the judgment must immediately be filed of record in the office of the court clerk.

The original response by the Attorney General sets out that petitioner is imprisoned by reason of his conviction in the district court of Lincoln county on September 23, 1944, for the crime of kidnapping, for which he was sentenced to serve a term of two years in the Oklahoma State Penitentiary.  Attached is certified copy of the judgment and sentence.  The response sets out that no jurisdictional matters are raised by the petition and is in the nature of a demurrer.

The only irregularity shown on the face of the judgment and sentence is that although it purports to have been signed by the district judge on September 23, 1944, it shows to have not been filed in the office of the court clerk of Lincoln County until August 4, 1951.

In his amended response, the Attorney General, renewing his demurrer responds, among other things, as follows:

"For further response to the order to show cause, respondent says and states that by the allegations of said petition filed herein no jurisdictional matters are raised and that all material allegations raised by said petitioner should have been raised by appeal and are not propositions that can be legally raised by application for writ of habeas corpus.

"For further response to the order to show cause, respondent says and states that in conformity with the judgment and sentence of the trial court above referred to, that on the 26th day of September, 1944, the sheriff of Lincoln County, Oklahoma, was transporting the petitioner herein to the Oklahoma State Reformatory at Granite, Oklahoma, along with three other persons; that about the hour of 10:30 A.M. on above date, when the sheriff and his four prisoners were approximately 12 miles west of Anadarko, Oklahoma, the defendant and the other three prisoners overpowered the sheriff and made their escape, but that the petitioner herein was later apprehended; that thereafter the sheriff of Lincoln County returned to Chandler, Oklahoma, and deposited his copy of the judgment and sentence in his office files and did not make a return thereon until the 4th day of August, 1951, after the petitioner herein had filed an application for a writ of habeas corpus in the district court of Pittsburg County, Oklahoma."

These records disclose that the district court of Lincoln county had jurisdiction of the subject matter wherein defendant was charged with kidnapping, jurisdiction over the person of the defendant and did in fact sentence him to serve two years in the penitentiary on his plea of guilty and that judgment and sentence was duly entered in the minutes and form prepared and signed by the court and the original delivered to the sheriff but same was not returned into court or actually filed until August 4, 1951. Defendant escaped from the officer and was not actually delivered to the warden at the State Penitentiary until June 9, 1951. The return was thereafter made.

No jurisdictional matters are set up. See the early case of Ex parte Howard, 2 Okla. Cr. 563, 103 P. 663. Only an irregularity and carelessness on the part of the sheriff and county attorney in the filing of a copy of an instrument actually issued are shown. Defendant made no effort to appeal; he did cause the postponement of his day of reckoning by flight, and now would interpose an irregularity apparently caused thereby as a defense. The irregularity did not make the judgment void, and did not affect any substantial or constitutional right of the petitioner. And we have many times pointed out, that one is not entitled to be released from the penitentiary on writ of habeas corpus unless the judgment and sentence under which he is serving is void. Ex parte Wright, 73 Okla. Cr. 167, 119 P. 2d 97; Ex parte Thomas, 56 Okla. Cr. 258, 37 P. 2d 829; Ex parte Thompson, 64 Okla. Cr. 84, 77 P. 2d 757.

The writ is denied.

BRETT, P. J., and JONES, J., concur.