**Jack David LOVE, #68305, Petitioner,**

v.

**The STATE of Oklahoma, and Ray H. Page, Warden of the Oklahoma State Penitentiary, Respondents.**

**No. A—13451.**

Court of Criminal Appeals of Oklahoma.
Jan. 29, 1964.

Jack David Love, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

JOHNSON, Presiding Judge.

The petitioner, Jack David Love, is incarcerated in the State penitentiary by reason of conviction in the district court of

Tillman county, upon two felony charges. The defendant was tried by a jury in each case, sentenced to five years in the first, and ten years in the second case.

█ Petitioner has filed his petition without the benefit of an attorney to advise with him in the preparation thereof. Many prisoners in State institutions are constantly writing this Court concerning their imprisonment. Many of them, as is done in the instant case, mail to us what is styled a petition in habeas corpus, in which they complain of the illegality of their imprisonment, but do not set up in their petitions sufficient facts to enable the Court to thoroughly understand the grounds of their complaint. However, this Court is very liberal in construing petitions filed by inmates of State institutions which are prepared without the advice and help of counsel, and give every reasonable inference that we can to their petitions to see whether the same are sufficient on their face to justify a hearing upon the issues thus raised.

█ This Court has consistently held that we will not, on habeas corpus, look beyond the judgment and sentence of any court of competent jurisdiction as to mere irregularities of procedure or errors of law on questions over which the trial court had jurisdiction. The writ of habeas corpus cannot be used to perform the office of a writ of error on appeal, but will be limited to cases in which the judgment and sentence of the court attacked is clearly void. See Ex parte Dunn, 33 Okl.Cr. 190, 242 P. 574; Ex parte Grant, 32 Okl.Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okl.Cr. 131, 216 P. 486.

However, the instant case presents a different situation.

On August 3, 1962 two complaints were filed against this petitioner, one charging the defendant with grand larceny after former conviction of felony, in the taking of 2835 pounds of copper wire of the value of $1264.41, from the City of Frederick, Oklahoma; and the other charging the defendant with the larceny of a motor vehicle, to-wit: a 1961 two-ton Chevrolet truck, the personal property of the Southwest Rural Electric Association, Inc., after former conviction of felony.

Defendant was tried by a jury, found guilty in each case, and on March 23, 1962 sentenced to five years imprisonment in the first case, and to ten years in the second, this second judgment and sentence to commence upon expiration of the sentence in the first case.

Petitioner was represented by counsel in each case, and he procured a copy of the transcript in each case for the purpose of appealing the convictions to this Court.

The statute governing appeals in felony cases on the date of the judgment and sentence in defendant's cases, 22 O.S.A.1961 § 1054, provided that an appeal in a felony case must be taken within three months after the judgment is rendered—in this instance after March 23, 1963.

On September 16, 1963, almost six months from the date of the judgments and sentences, petitioner herein filed a petition in error in this court, in which he complained that he had been deprived of due process of law by the speedy methods of sentencing, "and other errors and rulings of law committed during trial"; that he was deprived of due process of law by the methods employed by the court in the presentation of evidence and submission thereof; and finally that "counsel for defendant strived a legalistic formality and not a defense of substance, and therefore rendered plaintiff without able and competent counsel to defend him." He made no other contentions of error.

This attempted appeal was dismissed by the Court (Love v. State, Okl.Cr., 385 P.2d 512) for the reason that the attempted appeal was not lodged in this Court within the time provided by statute; and, further, that neither casemade nor transcript of the proceedings being attached to the petition in error, there was nothing before the Court for adjudication.

We issued a rule to show cause in the instant case, and the Attorney General filed

a response to the petition, alleging that the petition is wholly insufficient to invoke the jurisdiction of this Court; and further calling attention to the holdings of this Court that the burden is on one seeking to perfect an appeal to get his petition in error with either casemade or transcript of the record attached timely filed in this Court.

■■ Petitioner has filed a reply to the response, in which he states that he attached a transcript of each of the cases to his petition in error, and that such transcripts were inadvertently overlooked by the censoring officials of the Oklahoma State Penitentiary; and that petitioner had no control over the outgoing mail. This, if true, was unfortunate, but the attempted appeal would still not have been filed within the time provided by the statute at that time (22 O.S.A. § 1054, as amended in 1961), and would not have conferred jurisdiction upon this Court.

Petitioner now complains that he was denied due process of law in that he was held in jail "past three terms of court". The transcripts before us show that the defendant was arraigned on October 1, 1962, and tried on March 23, 1963 in both cases.

Because of the contentions of the petitioner, and the fact that the two transcripts were omitted from his attempted appeal, and were attached to his petition for writ of habeas corpus, we have carefully examined the transcripts.

■■ We find that the district court of Tillman county had jurisdiction of the subject matter wherein defendant was charged with grand larceny after former conviction of a felony, and charged with larceny of a motor vehicle, after former conviction of a felony; jurisdiction over the person of the defendant; that proper proof of former convictions was made; had jurisdiction to enter the judgments and sentences from which defendant heretofore attempted to appeal; that such attempted appeal was not timely; and that none of the petitioner's constitutional or statutory rights were denied or violated.

We have many times pointed out that one is not entitled to be released from the penitentiary on writ of habeas corpus unless the judgment and sentence under which he is serving is void. Ex parte Wright, 73 Okl.Cr. 167, 119 P.2d 97; Ex parte Thomas, 56 Okl.Cr. 258, 37 P.2d 829; Ex parte Thompson, 64 Okl.Cr. 84, 77 P.2d 757.

The petition herein is without merit, and is, accordingly, denied.

BUSSEY and NIX, JJ., concur.