Jack David **LOVE**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. A-13847.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1966.

Jack David Love, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

The petitioner seeks a writ of habeas corpus, or post conviction appeal, under the provisions of 22 Okl.St.Supp.1965, § 1073.

We have carefully checked the records in connection with this case, both in the State and Federal courts. We find that the petitioner was charged in the district court of Tillman County, Oklahoma in two cases—grand larceny after former conviction of a felony in the taking of 2895 pounds of copper wire from the city of Frederick, Oklahoma; and the larceny of a motor vehicle after former conviction of a felony, to-wit: a 2-ton Chevrolet truck, the personal property of the Southwest Rural Electric Association, Inc.

Defendant was tried before a jury, found guilty in each case, and on March 23, 1963 was sentenced to five years imprisonment in the first case, and to ten years on the second, the sentences to run consecutively.

Thereafter on September 16, 1963 defendant attempted to file an appeal of the convictions in this court.

At the time of the rendition of the judgments and sentences against the defendant, the statutes in force in the State of Oklahoma provided that appeals in felony cases must be taken within three months from the date the judgment and sentence was rendered. (22 O.S.A.1961 § 1054) (That statute was amended by the 1963 Legislature, giving defendants six months within which to appeal a felony case. 22 O.S.A. § 1054) This attempted appeal was dismissed, by reason of not having been filed within the time provided by statute. Love v. State, Okl.Cr., 385 P.2d 512.

Later, and on October 29, 1963, this petitioner filed in this court his application for release by writ of habeas corpus. The petition was denied on January 29, 1964 (Love v. Page, Okl.Cr., 389 P.2d 367). When that opinion was rendered, and as stated therein, this court thoroughly examined the transcript, which had been furnished by the State, considering the merits of his attempted appeal, because of the circumstances under which it was filed.

Petitioner then attempted to appeal his case to the United States Supreme Court, and certiorari was denied May 25, 1964. Love v. State of Oklahoma, 377 U.S. 948, 84 S.Ct. 1358, 12 L.Ed.2d 310.

Petitioner thereafter applied to the United States District Court for the Eastern District of Oklahoma for a writ of habeas corpus. A full hearing was held on that petition on December 30, 1964, and the writ was denied on March 1, 1965.

Petitioner then filed his appeal from the order of the United States District Court for the Eastern District of Oklahoma to the United States Circuit Court of Appeals, Tenth Circuit, and that Court denied the application on October 5, 1965; and in so doing suggested to petitioner that the Oklahoma Legislature had recently enacted a law which gave to prisoners a post conviction remedy. (22 O.S.A.Supp. § 1073) And the petitioner is now here for such an appeal.

In the order of Judge Luther Bohanon of the United States District Court for the Eastern District of Oklahoma, dated March 1, 1965, it is recited that petitioner had counsel throughout the legal proceedings in both cases in Tillman County; and further, that the petitioner raised only matters preceding the actual trials involved. The Court further found that "there is no evidence before this court of inadequacies or ineffectiveness of counsel during any of these proceedings. The record does not reveal that any of petitioner's constitutional or federal rights were or have been violated."

In the order of the United States Circuit Court of Appeals, Tenth Circuit, it is said: "in the trial court appellant's only ground for invalidating the judgment of conviction and sentence was the delay between his arrest and trial. We agree with the trial court that under the facts disclosed by the record, this is insufficient to constitute a basis for Federal court jurisdiction."

The order further recites that appellant for the first time raises other questions concerning the validity of his present confinement, and states that "these questions were not presented to the district judge, therefore we must refrain from passing upon them."

This petitioner now states that he was not properly represented in the preliminary proceedings. However, in his "brief of appellant" filed herein, petitioner states that "on October 1, 1962 the appellant appeared before the district court with his attorney, Mr. McBee, and waived the reading of the information ane entered a plea of not guilty." And further states that he was appointed new counsel to represent him in the pending trial of the cases; and that his previous counsel (Mr. McBee) had been chosen by his co-defendant in these two cases; and was not employed by this defendant." We might say that the record does not show that this petitioner had previous to that date requested an attorney, but does show that he acquiesced in the presence and services of Mr. McBee, the counsel he now contends represented his co-defendant. We find no merit in this contention.

Petitioner further complains that the district court of Tillman County failed to provide an attorney for the appeal of his case.

In the record before us, we do not find an affidavit forma pauperis by this petitioner, and there was no provision in the Oklahoma statute for the appointment of an attorney to represent a defendant on appeal at that time.

It is our opinion that this petitioner has been given every consideration, both in this court and in the federal courts; and that his application for writ of habeas corpus or post conviction appeal is wholly without merit, and in fact is frivolous. Hence, his application is denied.

BUSSEY, P. J., and NIX, J., concur.