## Ex parte GONSHOR.

No. 16248—Opinion Filed Sept. 8, 1925.

(Syllabus.)

**1. Habeas Corpus — Courts — Concurrent Original Jurisdiction.**

The Supreme Court, the Criminal Court of Appeals, district and county courts, and justices and judges thereof, have concurrent original jurisdiction in habeas corpus.

**2. Same—Application to District Court — Venue in County Where Petitioner Confined.**

Where application for a writ of habeas corpus is made to the district court, it must be filed in the court of the county in which the petitioner is confined. And where proceedings are instituted in the district court of another county, it is the duty of such court, on objection to its jurisdiction, to dismiss the proceedings.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Application of John Gonshor for writ of habeas corpus. The respondent, Dr. Felix M. Adams, filed special appearance challenging the jurisdiction of the court over the respondent, which was sustained and said cause was dismissed, from which the petitioner has appealed. Affirmed.

W. D. Halfhill, for petitioner.

George F. Short, Atty. Gen., and Edwin Dabney and Charles Hill Johns, Asst. Attys. Gen., for respondent.

MASON, J. This case presents error from the district court of Muskogee county, wherein John Gonshor, the petitioner, filed his petition for a writ of habeas corpus, alleging that he was unlawfully restrained of his liberty by the respondent, Dr. Felix M. Adams, superintendent of the Eastern Oklahoma Hospital located at Vinita, Craig county, Okla., and praying that he be discharged.

The petitioner further alleged that on the 16th day of September, 1914, he was adjudged by the insanity commissioners of Pittsburg county to be an insane person, and was on said date, by the county court of said county, committed to the insane asylum at Norman, and about ten years ago he was transferred to the Eastern Oklahoma Hospital at Vinita, where he has since remained. He also alleged that he has fully recovered from said ailment and is mentally normal. He further alleged that all proceedings under which he was committed were void.

The writ was issued by said court and served on the respondent in Craig county by the sheriff of said county.

The respondent filed his special appearance challenging the jurisdiction of the court over the respondent, which was sustained by the trial court and the writ of habeas corpus was vacated and the cause dismissed, from which action the petitioner has appealed.

This court will take judicial knowledge of the fact that Muskogee county is in the Third judicial district, and that Vinita is the county seat of Craig county, which is in the Twenty-third judicial district.

The record in this case squarely raises the question of whether or not a district judge has jurisdiction to direct the issuance of the writ of habeas corpus to a person outside his district to bring into said district the body of one detained outside such district.

Article 4 of Procedure Civil, being that part of the Code specifying the court in which actions are to be brought, proceeds in several sections to designate the court in which various classes of actions must be brought, and after treating of various classes of actions, none of which include this one, provides:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned." Section 207, C. O. S. 1921.

This section is the only one covering this class of actions and designating where the same shall be brought.

In 29 C. J. 136, the rule is announced as follows:

"In state statutes the power to issue the writ is quite generally limited to cases where the detention is within the territorial jurisdiction of the particular court or judge, but different or additional provision is often made by the statutes."

And on page 122 we find the following:

"Authority of a judge to issue a writ of habeas corpus does not form an exception to the rule that a judge may not exercise ju-

dicial functions beyond the territorial limits of his jurisdiction unless that power is specially given him by statute."

Counsel for petitioner contends that if the district court of the county in which the petitioner is deprived of his liberty is the only court having jurisdiction, that absence of the judge from the county might work a great hardship on one unlawfully deprived of his liberty. This argument is untenable. The Supreme Court, the Criminal Court of Appeals, and the county court and the justices and judges thereof, as well as the district court and judge thereof, have concurrent original jurisdiction in habeas corpus. Ex parte Johnson, 1 Okla. Cr. 414, 98 Pac. 461.

Nor is any reason apparent why a public official, having a person in custody under mandate of court, should be required to appear in another county and in a different judicial district and defend against a proceeding in habeas corpus. Such practice would permit such public officials to be harassed and annoyed by constantly being required to appear in remote sections of the state from their institutions. This would not only prevent them from performing their other duties, but would create a great expense on the taxpayers.

The petitioner is subjected to no hardship in the matter of procuring witnesses or in other incidents of trial by being required to bring his action in the county where he is confined, since the question to be determined is not one of complex fact, but simply one of law as to the validity of the proceedings under which the commitment was made.

We are therefore of the opinion that under the statutes of this state an application for a writ of habeas corpus to release a person confined under mandate of court must, if filed in the district court, be brought in the county where the petitioner is confined. Such application could be heard before the judge of said court in any county within that judicial district. Where such proceedings are instituted in the district court of another county, it is a duty of the court, on objection to its jurisdiction over the respondent, to dismiss the same.

We deem it unnecessary to pass on the other questions presented by the appellant. The judgment of the trial court is affirmed.

HARRISON, PHELPS, LESTER, and RILEY, JJ., concur.

Note.—See under (1) 29 C. J. p. 119, § 117. (2) 29 C. J. pp. 122, § 119, 136, § 147.