# STATE ex rel. WESTER v. CALDWELL.

No. A-10810.    June 11, 1947.

(181 P. 2d 843.)

Charles A. Milor, County Atty., of Marietta, Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for petitioner.

Sigler & Jackson, of Ardmore, for respondent.

JONES, J. This is an original proceeding instituted by the state on relation of Orren Wester, sheriff of Love county, to prohibit the respondent, John C. Caldwell, judge of the district court of Love county, from proceeding with certain hearings set in connection with the filing of petitions for writs of habeas corpus by E. O. Smith, H. I. Campbell and Louis Beck, in the district court of Love county.

The verified petition alleges that in February, 1946, one Alex Rawls was charged in the district court of Love county with the crime of attempted rape in the first degree. That at the trial of said charge, E. O. Smith, H. I. Campbell and Louis Beck testified as witnesses for Rawls in

support of his alibi; that said trial resulted in a hung jury. That the said E. O. Smith, H. I. Campbell and Louis Beck later confessed that their testimony given on behalf of the defendant was false. Thereupon, charges of perjury were filed against the said E. O. Smith, H. I. Campbell and Louis Beck. That on March 30, 1946, said defendants appeared before the Honorable J. I. Goins, judge of the district court of Love county, entered their pleas of guilty to said charges and were thereupon sentenced to serve terms of four years each in the State Penitentiary. On April 2, 1946, the defendants Smith, Campbell and Beck were delivered to the warden of the State Penitentiary pursuant to the sentences pronounced against them.

That charges of perjury and subornation of perjury were filed against Alex Rawls and later were set for trial in the district court of Love county on December 4, 1946.

The petition further alleged that on November 30, 1946, at the request of the county attorney, the District Judge Goins issued an order directing the sheriff of Love county to proceed to the penitentiary and bring the said Smith, Campbell and Beck to Love county to be used as witnesses in the prosecution of said charges against the said Alex Rawls. Pursuant to such order of the district court, the warden of the penitentiary delivered Smith, Campbell and Beck to the sheriff of Love county and they were by the said sheriff brought to Love county and held in his custody in the county jail for the sole purpose of appearing as witnesses in the trial of the case against the said Rawls.

The petition further alleged that on December 3, 1946, the respondent John C. Caldwell was presiding over the trial of a murder case in the district court at Marietta

in Love county. That while the respondent was presiding over said murder trial, petitions for writs of habeas corpus, sworn to by Smith, Campbell and Beck, were presented to the respondent by their counsel and the respondent immediately and without any notice to petitioner who held said prisoners for the limited purpose and pursuant to the order of the court aforesaid and also without any notice to the county attorney, signed orders admitting each of said prisoners to bail in the sum of $1,000 and directing release of said prisoners by the petitioner upon approval of such bail by the court clerk, and further setting said petition for hearing on December 17, 1946. That bonds were presented to and approved by the court clerk and orders issued for the release of said prisoners from custody.

It is further alleged that the petitions for writs of habeas corpus were wholly and entirely and knowingly false and untrue, but were presented pursuant to a scheme and plan to prevent the use of said prisoners as witnesses by the state in the prosecution of said Alex Rawls. That the said Smith, Campbell, and Beck were in the custody of the petitioner Orren Wester as the temporary agent of the warden of the State Penitentiary who had the exclusive custody of said prisoners until their release from the State Penitentiary in a lawful manner.

It is further alleged that the district court of Love county has no jurisdiction to pass upon custody of prisoners in the hands of the warden of the State Penitentiary at McAlester, but unless he is prohibited by this court from proceeding with the hearing on said petitions that the prisoners, Smith, Campbell, and Beck, will be by said respondent released from custody which would constitute

an unauthorized application of judicial force and an exercise of judicial power not granted by law.

A response was filed to said petition in which the respondent alleges that he is the duly elected, qualified and acting district judge in and for the Twentieth Judicial District in the State of Oklahoma, and that said judicial district comprises the counties of Carter, Love, Marshall, Johnston, and Murray. That on the 3rd day of December, 1946, he was holding court in regular session in Love county. That on said date, E. O. Smith, H. I. Campbell and Louis Beck, duly filed in the district court of Love county their petitions for writs of habeas corpus and alleged that they were illegally restrained in the county jail of Love county and in charge of Orren Wester, sheriff of Love county, who is the petitioner herein. That your respondent considered said petitions and was of the opinion it was his duty to issue an alternative writ of habeas corpus, and acting upon said petitions, he issued said alternative writ and made it returnable on December 17, 1946.

The respondent further alleged that no motion has ever been filed before the respondent calling in question his action in said matter and that he conceived it to be his duty when a petition for a writ of habeas corpus is presented to him alleging that the petitioner is illegally restrained of his liberty and setting up facts entitling the petitioner to release from custody, to set said petition for hearing and to enter such judgment and perform such act as seems proper and lawful to him at such hearing.

The respondent further alleged that the county attorney of Love county was present in the courtroom and agreed that the 17th day of December, 1946, should be set for the hearing and agreed that the prisoners could be released upon a bond of $1,000 pending the hearing.

The respondent further alleges that the respondent was not attempting to exceed his jurisdiction or make illegal use of judicial power. That he had jurisdiction of the petition for writ of habeas corpus and jurisdiction of the parties applying for said writs and that the Criminal Court of Appeals is without authority to issue a writ of prohibition preventing him from proceeding with a hearing on said petitions. An alternative writ of prohibition was issued by this court prohibiting the respondent from proceeding further with said hearing pending the further order of this court.

A hearing was held before this court and evidence was presented by both the petitioner and the respondent. At the conclusion of the hearing, the temporary order prohibiting the respondent from proceeding further in said causes was continued in force and effect pending the final decision of this court. At that time, by agreement of all parties concerned and without prejudice to the rights of the said Smith, Campbell and Beck in cases Nos. 1084, 1085, and 1086 in the district court of Love county, the said Smith, Campbell, and Beck surrendered to the sheriff and were by him transported back to the State Penitentiary where they are now confined, pending the decision of this court.

In the case of State ex rel. Attorney General v. Higgins, 76 Okla. Cr. 321, 137 P. 2d 273, 280, it is stated:

"Writs of prohibition are not mentioned in the statutes of this state.

"The authorities all agree that prohibition is a common-law writ.

"It is the established rule that:

" 'The power is limited as it was at common-law, to cases where the act sought to be prohibited is of a judicial

nature, in the absence of constitutional or valid statutory provision to the contrary.'

"It is a remedy provided by the common-law against the encroachment of jurisdiction by inferior courts, and for the purpose of keeping such courts within the bounds prescribed for them by law. The functions whose exercise may be restrained by it are judicial functions. Unlike a writ of injunction, which acts upon the parties to the suit, a writ of prohibition operates upon the court.

"The universal rule is that:

" 'The writ lies only as between courts which sustain to each other the relation of superior and inferior, and cannot issue from a court to prohibit another court which is in no manner subordinate or inferior to it.' 23 A. & E. Ency. of Law, pp. 217, 218, and cases cited.

"In Estes v. Crawford, District Judge, 62 Okla. Cr. 156, 60 P. 2d 798, 799, we said:

" 'Writ of "prohibition" may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction.'

"Like all other prerogative writs, prohibition is to be used with great caution and forbearance, for the furtherance of justice and to secure order and regularity in judicial proceedings, and should be issued only in cases of extreme necessity. A court will not issue a prohibition in a case where it is not justified, for the sole purpose of establishing a principle to govern other cases. Nor will it ordinarily be issued in a doubtful case. 22 R. C. L. pp. 4 and 5.

"The writ of prohibition is that process by which an appellate court prevents an inferior court from usurping and exercising unauthorized jurisdiction. State ex rel. Attorney General v. Stanfield, Judge, 11 Okla. Cr. 147, 143 P. 519. Estes v. Crawford, supra.

"Prohibition will lie only to prevent an encroachment, excess, usurpation or improper assumption of jurisdiction on the part of an inferior court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure. Ex parte Jones, 160 S. C. 63, 158 S. E. 134, 77 A. L. R. 235. And see Annotation 77 A. L. R. 245."

The Oklahoma Constitution provides:

"The district courts, or any judge thereof, shall have power to issue writs of habeas corpus." Art 7, § 10, Okla. Const.

By statute it is provided:

"Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any court, either in term or vacation; and upon application the writ shall be granted without delay." 12 O. S. 1941 § 1333.

"The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint or for the continuance thereof, shall discharge the party." 12 O. S. 1941 § 1341.

It has been held that the district court has no jurisdiction to hear a petition for writ of habeas corpus unless the petitioner is confined in the county where the application is filed. In re Gable, 73 Okla. Cr. 155, 118 P. 2d 1035; Ex parte Gonshor, 113 Okla. 101, 239 P. 249.

In Ex parte Gonshor, supra, it is stated:

"The Supreme Court, the Criminal Court of Appeals, district and county courts and justices and judges thereof, have concurrent original jurisdiction in habeas corpus."

In Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758, 784, we said:

"In proceedings by habeas corpus neither this court nor the Supreme Court exercises appellate jurisdiction when it issues this writ, and in issuing the writ and determining the questions arising under it neither possess more power than is possessed by a district court or any judge authorized by law to issue the writ and authorized to remand or discharge the prisoner according to the circumstances of the case.

"The state by virtue of its own sovereignty, never delegated nor relinquished, has the right to inquire for itself through its court of record into the cause of restraint of its citizens. The Constitution confers the power upon the Supreme Court and each of the Justices, and upon 'the district courts or any judge thereof,' to issue writs of habeas corpus." And see Ex parte Sullivan, 10 Okla. Cr. 465, 138 P. 815, Ann. Cas. 1916A, 719.

Since, as above noted, the writ of prohibition lies only as between courts which sustain to each other the relation of superior and inferior, it would not lie between courts of concurrent jurisdiction.

The respondent, district judge, appeared before this court at the hearing and testified concerning his action in connection with the issuance of the alternative writ of habeas corpus. The Assistant Attorney General appearing on behalf of the petitioner, conceded at the hearing that there was no evidence to show that the respondent judge was a party to any scheme or plan to prevent the use of the prisoners, Smith, Campbell and Beck, as witnesses against Rawls.

We are of the opinion that when a petition for writ of habeas corpus is filed by any person alleging that he is unlawfully restrained of his liberty, which is addressed to the district court of the county where the petitioner alleges he is being restrained, that it is sufficient to confer jurisdiction on the district court to have a hearing

to determine the cause of the restraint. In the instant case, when the prisoners, Smith, Campbell, and Beck, filed their petition for writ of habeas corpus, alleging that they were illegally restrained of their liberty, it was sufficient to authorize the district court to issue an alternative writ of habeas corpus directed to the sheriff for the purpose of inquiry into the cause of the restraint. This being so, the district court did not exceed its jurisdiction in setting said petition for hearing and accordingly prohibition will not lie to control his action. It is also our opinion that when the sheriff made his return to the writ showing that he was holding the prisoners as witnesses pursuant to an order of Judge Goins, judge of the district court of Love county, the petition should have been dismissed. It was an abuse of discretion for the respondent to admit the prisoners who were inmates of the penitentiary to bail pending the hearing.

A part of the order of Judge Goins pertaining to Smith, Campbell, and Beck, reads as follows:

"It is therefore ordered by the Court that the Sheriff of Love County proceed to McAlester and bring said witnesses to Marietta for said trial, on the 1st day of December, 1946."

"It is further ordered that the Warden release said witnesses to the Sheriff of Love County for such purpose, and that said Sheriff is to return said prisoners to the Warden of the Penitentiary when they have testified."

The respondent would be limited in his inquiry on habeas corpus to determining the cause of the restraint of the prisoners by the sheriff, and when the sheriff showed that he was holding the prisoners under the above order of the district court as material witnesses, with a further directive to return the prisoners to the warden

when they had testified, the writ of habeas corpus would be denied.

If the prisoners desire to present the question that the judgments and sentences of the district court of Love county, under which they are committed to the State Penitentiary, are void because of the denial of certain constitutional rights to the defendants in connection with their arraignment and pleas of guilty, that inquiry may be presented to the Criminal Court of Appeals. We are not expressing an opinion as to whether the district court of the county, where prisoners are confined in the penitentiary, may in a habeas corpus action pass upon the validity of a judgment pronounced by another district court in this state. A serious legal question arises as to whether the district court of a county where a prisoner is confined, in a habeas corpus proceeding, would have jurisdiction to vacate the judgment of the district court of another county of this state. Such question is not now before this court and we express no opinion on the same, but such disputed question will be decided if and when it is presented to us in a proper manner.

Since the sheriff of Love county is not holding the prisoners pursuant to the judgment and sentence of the district court of Love county, the validity of the judgment and sentence would not be a proper subject of inquiry in the habeas corpus proceeding pending in Cases Nos. 1084, 1085 and 1086 in the district court of Love county.

For the reasons hereinabove stated, the petition for writ of prohibition is denied.

BAREFOOT, P. J., and BRETT, J., concur.