PAUL SCHRACK v. DISTRICT COURT OF
OKLAHOMA COUNTY et al.

No. A-10842.    July 16, 1947.
(182 P. 2d 798.)

See, also, 84 Okla. Cr. 260, 181 P. 2d 270.

Judd L. Black and Sid White, both of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Warren H. Edwards, Co. Attorney, of Oklahoma City, for respondents.

JONES, J. This is an original proceeding wherein the petitioner, Paul Schrack, seeks to prohibit the respondents from trying him upon a charge of burglary in the second degree after a former conviction of a felony which charge is pending against him in the district court of Oklahoma county.

In the verified petition it is alleged that the only evidence the state introduced at a preliminary examination to connect the petitioner with the commission of the

alleged crime was a confession which was alleged was obtained through coercion while petitioner was unlawfully detained in the city jail of Oklahoma City. There were many other allegations in the verified petition which this court deemed sufficient to justify the issuance of an alternative writ of prohibition for the purpose of having a hearing in connection with said matter. An alternative writ of prohibition was thereupon issued, the cause was set for hearing, a transcript of the evidence taken before the committing magistrate at the preliminary examination was introduced in evidence, and the court, after a consideration of that evidence together with other evidence introduced on behalf of petitioner and the respondents, orally denied the writ of prohibition from the bench, and directed the district court to proceed with the trial of the petitioner. This written opinion is issued in conformity to the order made at the time of the hearing.

At the time of the denial of the writ of prohibition, counsel for petitioner were told that if the petitioner was tried and convicted of said offense and an appeal was taken, the cause would be advanced for an early decision by this court. Accordingly, the petitioner was tried and convicted on February 11, 1947. An appeal was filed in this court on March 20, 1947, and on May 28, 1947, the opinion of this court was rendered affirming the judgment of conviction. Schrack v. State, 84 Okla. Cr. 260, 181 P. 2d 270. In that opinion all of the facts, including the facts and circumstances surrounding the making of the confession by the accused, were related.

In the case of State ex rel. Wester v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843, 844, it was held:

"The remedy under a writ of 'prohibition' is limited to cases where act sought to be prohibited is of a judicial

nature, in absence of constitutional or valid statutory provision to the contrary, and is directed against the encroachment of jurisdiction by inferior courts, for the purpose of keeping such courts within the bounds prescribed for them by law. * * *

"Writ of 'prohibition' may not issue to prevent inferior court from erroneously exercising jurisdiction, but only to prohibit proceedings as to which inferior tribunal is wholly without jurisdiction, or threatens to act in excess of jurisdiction."

Since the petitioner has had a preliminary examination in which he was represented by counsel, was bound over to the district court for trial by the examining magistrate and an information was filed in the district court, we think the district court has thus acquired jurisdiction to try the accused upon the charge laid in the information. The questions presented are directed to facts which go to the weight of the evidence and are not such as deprive the district court of jurisdiction to try the accused.

The writ of prohibition sought by petitioner is denied.

BAREFOOT, P. J., and BRETT, J., concur.