## STATE v. PAULINE MANARD.

No. A-10812.    Oct. 8. 1947.
(185 P. 2d 483.)

J. M. Springer, Co. Atty., of Nowata, and Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

J. V. Hostutler, of Watonga, amicus curiae.

Charles E. France. of Oklahoma City, amicus curiae.

JONES, J.  The constitutionality of House Bill 647 of the Fourteenth Legislature commonly known as the "Beer Law," 37 O. S. 1941 § 1 et seq., which act was approved by a majority vote of the people of Oklahoma in a special election July 11, 1933, by vote of 224,298 to 129,-582, is here involved.

The defendant was charged by an information filed in the county court of Nowata county with unlawfully selling a pint bottle of beer commonly called "Progress Beer," which is alleged to contain 3.2 per cent of alcohol.

Upon arraignment of defendant in the county court of Nowata county a demurrer was interposed to the information. After argument of counsel the demurrer was sustained; the state elected to stand on the information and this appeal has been prosecuted by the state on a reserved question of law.

It is admitted for the purpose of this hearing that the beverage in question was one of those beverages defined as "non-intoxicating" by the act in question. However, it is contended by the county attorney that the 1933 act is unconstitutional for the reason that it permits the sale whereas the Constitution has specifically prohibited the sale of beer by name without regard to its alcoholic content or its intoxicating quality.

Counsel for the state, several months prior to the filing of the information which is the basis for this action, brought an action in the district court of Nowata county to enjoin the sale of beer and the issuance of a license for the sale of beer under the 1933 act. The identical question here presented was involved in that proceeding. The district court of Nowata county sustained a demurrer to the petition. Counsel for the state elected to stand on their petition and an appeal was taken to the Supreme Court of this state. On May 20, 1947, the Supreme Court rendered an opinion affirming the judgment of the district court, State ex rel. Springer, County Attorney, v. Bliss et al., 199 Okla. 198, 185 P. 2d 220. Petition for rehearing has been denied, so that that opinion is now final.

The law of that case as shown by the syllabus reads as follows:

"1. In adopting the prohibition ordinance to the Constitution, which forms the asserted foundation of this action, the single intention was to prohibit intoxicating

liquor and intoxicating beverages of any kind or any name.

"2. In the prohibition ordinance to the Constitution which is the basis of this action there is no indication whatever of any intent to single out any beverage by name only and to prohibit same because it bore some particular name without regard to its alcoholic content or to its propensity to intoxicate the consumer.

"3. The provisions of the prohibition ordinance to the Constitution here relied upon authorize any proper official to take authorized steps to prevent or punish sale of intoxicating liquor or beverage, by whatever name it is called. But there is nothing therein to authorize an official to select merely a name, as beer, and to so proceed in injunction, claiming the right so to do whether the named beverage is intoxicating or not, or whether the named beverage contains a prohibited percentage of alcohol and claiming the same right to so proceed whether the named beverage has any alcoholic content at all.

"4. It seems to have been the settled rule since shortly after statehood that in a criminal action based upon the constitutional prohibition provision, the action could not be maintained unless the beverage or liquor involved was intoxicating, and the proper procedure has been to describe the beverage involved with the allegation that it is intoxicating. (Moss v. State, 1910, 4 Okla. Cr. 247, 111 P. 950.)

"5. A petition for injunction against a place of business on the sole ground that beer is sold therein and with no allegation or complaint as to the conduct and manner of the operation of the business and with no allegation or contention as to the alcoholic content or intoxicating quality of the product being sold does not state a cause of action.

"6. The prohibition ordinance of the Oklahoma Constitution prohibits the sale of intoxicating liquors only and does not prohibit the sale of beer, as such, or by name,

and without regard to the intoxicating quality of the product sold, and the statutes of Oklahoma do not make unlawful the sale of beer, as such, but only when such product contains in excess of 3.2% alcohol by weight."

We have fully considered that opinion. The majority opinion thoroughly discusses the question involved and there is ample legal authority for the conclusions reached by the majority.

We are not unmindful of the able dissenting opinion by the Chief Justice of the Supreme Court and the arguments there contained to show the unconstitutionality of the beer law.

But without expressing an opinion on the merits of the question involved, we feel impelled through a consideration for the orderly administration of our laws to follow the opinion of the Supreme Court.

If we should attempt to do otherwise, it is easy to picture the chaos that might develop in any attempted prosecution for the alleged selling of a beverage containing 3.2 per cent of alcohol. Under the law, the Supreme Court, Criminal Court of Appeals, district courts and county courts, have concurrent original jurisdiction to issue writs of habeas corpus. State ex rel. Wester v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843. A county attorney might choose to file an information charging the sale of 3.2 per cent beer without an allegation that it was in fact intoxicating. The accused could immediately petition the Supreme Court or any of the above named courts for a writ of habeas corpus to secure his discharge, which the Supreme Court or any district court, or county court under the authority of the opinion rendered by the Supreme Court could sustain. Such an intolerable conflict will not be permitted to arise.

The county attorney of Nowata county had the choice of forums in which to bring a test case to determine the constitutionality of the act in question.

He elected to test the constitutionality of such act in the civil courts in an attempt to obtain injunctive relief. The appeal from an adverse decision by the district court of Nowata county was filed in the Supreme Court approximately six months before this appeal was taken. The opinion of the Supreme Court was rendered before this case was briefed or argued in the Criminal Court of Appeals.

It is apparent under the authority of the opinion of the Supreme Court that no prosecution for the sale of beer can be maintained without an allegation and proof of its intoxicating quality, unless the alcoholic content exceeds 3.2 per cent.

The judgment of the county court of Nowata county sustaining a demurrer to the information is affirmed.

BAREFOOT, P. J., and BRETT, J., concur.