Mark A. **TOWNSEND**, Petitioner,

v.

Leon **YORK**, Associate District Judge of Payne County, State of Oklahoma, et al., Respondents.

No. 47836.

Supreme Court of Oklahoma.

Oct. 15, 1974.

John C. Howard, Fogg, Fogg & Howard, El Reno, for petitioner.

Donald H. Lees, Bay, Hamilton, Renegar & Lees, Oklahoma City, and Robert L. Hert, Jr., Draper, Thomas & Hert, Stillwater, for respondent, Connie D. Townsend.

IRWIN, Justice:

Petitioner has asked this Court to assume original jurisdiction and grant a writ of prohibition directing a Payne County Associate District Judge (respondent) to refrain from proceeding further in a habeas corpus proceeding concerning petitioner's two children.

Petitioner was living and working in Rhode Island when, in August, he and his wife (Mrs. Townsend) became estranged. Upon being transferred to Stillwater, Oklahoma, by his employer, petitioner moved to El Reno, Canadian County, Oklahoma, on September 27 with his two minor children.

Thereafter, Mrs. Townsend, who still resides in Rhode Island, came to Oklahoma and located her children in El Reno on September 27. On September 30, she filed an application for a writ of habeas corpus in Payne County under 10 O.S.1971, § 21, seeking custody of the children. Mrs. Townsend alleged that petitioner removed the children from Rhode Island and brought them to Oklahoma without her knowledge and contrary to her desires.

Petitioner was duly served and specially appeared in Payne County urging the trial court to quash the action because the subjects thereof, (the two minor children) were living in Canadian, not Payne County; and, also, because petitioner had filed an action for separate maintenance in Canadian County October 1 seeking custody of the children. When the trial court overruled his motion, petitioner brought this original proceeding.

■ Where confinement is by court order, habeas corpus proceedings must be brought in the county of confinement. Ex Parte Gonshor (1925), 113 Okl. 101, 239 P. 249; and In Re Gable (1941), 73 Okl.Cr. 155, 118 P.2d 1035. 39 Am.Jur.2d, Habeas Corpus, § 99, states that an habeas corpus proceeding concerning children partakes of the incidents of a suit in equity and is considered to be one in rem, the child being the res. In Love v. Love (1961), 188 Kan. 185, 360 P.2d 1061, the Supreme Court of Kansas held that habeas corpus proceedings to obtain custody of children are in the nature of proceedings in rem, and application for writ must be brought in the judicial district where alleged detention occurs.

Mrs. Townsend knew where the children were. In her application for the writ she alleged that she found them in El Reno, Canadian County, Oklahoma, on September 27, 1974.

■ The District Court of Payne County did not have venue and the trial court should have dismissed Mrs. Townsend's application for the writ of habeas corpus.

Mrs. Townsend, in her brief, requests to this Court to enjoin the District Court, Canadian County, from exercising further jurisdiction in petitioner's separate maintenance action. The jurisdiction of the District Court, Canadian County, to proceed in that action is not before this Court.

Original Jurisdiction Assumed; Petition for Prohibition Granted; and the respondent is enjoined from further proceeding in Payne County District Court Case No. C–74–260, except to dismiss the proceeding.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., concurs in results.