**Elizabeth Ann SPAHR, Petitioner,**

v.

**The Honorable J. Russell SWANSON, Judge of the District Court for Fourth Judicial District, Garfield County, Respondent.**

No. 53688.

Supreme Court of Oklahoma.

June 12, 1979.

---

Carroll E. Gregg, Miskovsky, Sullivan & Miskovsky, Oklahoma City, for petitioner.

Rowland F. Carter, Carter & Carter, Enid, for respondent.

HARGRAVE, Justice:

Petitioner has requested this Court assume original jurisdiction and issue a Writ of Prohibition halting proceedings brought under a writ of habeas corpus filed in the district court of Garfield county. Petitioner Elizabeth Ann Spahr alleges the district court is exercising authority not granted it in that Garfield county is not the proper situs for venue for the issuance of a writ of habeas corpus by virtue of the fact that the pleadings filed in the habeas corpus action disclose the alleged unlawful detention is not occurring within Garfield county, but rather in Oklahoma county. In accord with the prior authority of this State, this Court holds the Garfield county court is not the proper forum for the maintenance of the writ filed therein, and therefore we assume jurisdiction and grant the Writ of Prohibition requested, prohibiting the district court of Garfield county from proceeding further in this action.

The Petitioner obtained a divorce in the state of Colorado from J. Steven Spahr by agreement. Under the terms of that decree, the custody of the minor child born of that union, Natalie Elizabeth Spahr, now age four, was awarded to the natural father, J. Steven Spahr.

Following the divorce the father moved to Enid, Oklahoma and established that city as the domicile for himself and his daughter. Subsequently the Petitioner moved to Oklahoma also and now resides in Oklahoma City. Pursuant to the visitation rights provided in the decree, the Petitioner took her daughter for a three week summer visitation. She now alleges that she has refused to return the child to the custody of the father and that her action is in the best interests of the minor child.

The father has caused a writ of habeas corpus to issue from the district court of Garfield county, signed by the Respondent Judge of that county. The petition for the writ discloses that the child is detained in a county other than that from which the writ is issued and it is this fact which is fatal to the propriety of the action taken by the lower court.

■■■ Proper venue for the prosecution of a writ of habeas corpus lies in the particular county in which the wrongful detention is alleged to be taking place. *Ex Parte Gonshor, 113 Okl. 101, 239 P. 249 (1925); Ex Parte Johnson, 1 Okl.Cr. 414, 98 P. 461*

*(1908)*. In *Gonshor* we noted that where an application is made for the writ of habeas corpus in the district court of another county, dismissal is properly requested on the basis of lack of jurisdiction on the basis that venue for that particular action is provided for this special matter in 12 O.S.1971 § 139:

"Every other action must be brought in the county in which the defendant . . resides or may be summoned . . . ."

We have heretofore held that the above-mentioned venue statute is applicable to habeas corpus proceedings and that the party allegedly detained is the defendant for the purpose of applying that statute (*Ex Parte Gonshor, supra,*) notwithstanding the fact that examination of 12 O.S.1971 §§ 3, 4 and 5 discloses that prosecution of a writ of habeas corpus is a special proceeding. These principles have been recently discussed in *Townsend v. York, 527 P.2d 594 (Okl.1974).* In *Townsend* we noted that habeas corpus is a proceeding in the nature of a proceeding in rem and the application for the writ must be brought in the district court where the detention allegedly occurs.

The Respondent urges us to consider the difficulty of bringing the proceeding for a writ of habeas corpus in the district where . the detention is taking place in instances where the detaining party may be willing to relocate to defeat venue. Respondent urges this Court to consider fashioning a remedy to alleviate any such problem. As noted in *Gonshor,* supra, and as provided in the Constitution of the State of Oklahoma, Article 7, § 4, as amended in 1967, there presently exists an adequate solution to any difficulty presented in this regard.

It has been demonstrated that the lower court attempted to exercise judicial power beyond that conferred upon it by the applicable law and we therefore assume original jurisdiction and issue a Writ of Prohibition forestalling any further proceedings in this cause in the lower court, save dismissing the proceedings.

LET THE WRIT ISSUE.

All Justices concur.