LEWIS, VICE PRESIDING JUDGE, DISSENTING:
¶1 I respectfully dissent to the Court's needless destruction of the interlocutory review procedure for Stand Your Ground immunity claims established almost three years *1279 ago in State v. Ramos . I come not to praise Ramos , but to bury Ramos .[1]
¶2 Ramos emerged from a divided Court, and guided the bench and bar without official publication. The Court in Ramos viewed its procedure for pre-trial adjudication and review of Stand Your Ground immunity claims as a logical and practical approach. In three intervening sessions, the Oklahoma Legislature declined to alter the Ramos procedure, and similar interlocutory review is the norm in other states with Stand Your Ground immunity.[2] Yet the logical and practical virtues of Ramos cannot forestall its destruction today. Stare decisis would not have saved it, either. The struggle, as they say, is real.
¶3 The Ramos Court reasoned that criminal prosecution and trial of a person entitled to immunity are judicial proceedings unauthorized by law , for which there is clearly no adequate post-trial remedy .[3] The Court pretty much concedes this reality today, and avoids its obvious implications only by misconstruing its original and appellate jurisdiction, as well as its existing authority to arrest unauthorized proceedings by issuing the writ of prohibition.[4] As a result, while some defendants may well be immune from criminal prosecution and trial under the Stand Your Ground law, they must first be criminally prosecuted and tried to see if they are immune. The Court thus turns Stand Your Ground immunity into a present day Catch-22.[5]
¶4 Immunity statutes create narrow, but presumably important, legal protections. The Court's ad hoc ruling today in the controversial area of Stand Your Ground immunity diminishes the scope of immunity protections in other circumstances as well.[6] The Legislature *1280 now must enact the interlocutory appeal statute that today's new majority demands, or resign the enforcement of immunity statutes to local prosecutors and judges, just as the Court does today. The better-reasoned attempt in Ramos to provide prompt interlocutory review of Stand Your Ground claims has, at last, come to nothing. "Mischief, thou art afoot. Take thou what course thou wilt."[7]

William Shakespeare, The Tragedy of Julius Caesar, act 3, sc. 2, l. 74, The Complete Pelican Shakespeare 1295 (S. Orgel & A.R. Braunmuller, eds., Penguin 2002)

Wood v. People , 255 P.3d 1136, 1141-42 (Colo. 2011) ; Bretherick v. State , 170 So.3d 766, 778 (Fla. 2015) (pre-trial original proceeding or petition for writ of prohibition are proper methods to challenge denial of Stand Your Ground immunity).

The U.S. and Oklahoma Supreme Courts have long recognized that immunity "is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth , 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed. 2d 411 (1985). Immunity is "an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Id . An erroneous denial of immunity is therefore "effectively unreviewable on appeal from a final judgment." Id ., 472 U.S. at 527, 105 S.Ct. at 2816, quoted in, McLin v. Trimble , 1990 OK 74, ¶¶ 8, 795 P.2d 1035, 1038.

Article 7, § 4 of the Oklahoma Constitution authorizes the Court of Criminal Appeals, "in criminal matters ... to issue, hear and determine writs of ... prohibition." This original jurisdiction to issue writs extends to proceedings in which the relationship of superior and inferior court exists between the Court of Criminal Appeals and the lower tribunal. As the Court of Criminal Appeals possesses exclusive appellate jurisdiction in criminal matters, it also possesses original jurisdiction concerning writs of prohibition, mandamus, and habeas corpus in such proceedings. See Carder v. Court of Criminal Appeals , 1978 OK 130, ¶ 12, 595 P.2d 416, 419. Title 22 O.S.2011, § 9 provides that "[t]he procedure, practice and pleadings ... in criminal actions or in matters of criminal nature, not specifically provided for in this code, shall be in accordance with the procedure, practice and pleadings of the common law." Prohibition was the common law writ by which a superior court commanded a halt to unlawful proceedings in a lower court. III W. Blackstone, Commentaries on the Laws of England 112 (1769); Pulliam v. Allen , 466 U.S. 522, 532-33, 104 S.Ct. 1970, 1976, 80 L.Ed. 2d 565 (1984) ; State ex rel. Wester v. Caldwell , 84 Okl.Cr. 334, 339-41, 181 P.2d 843, 847 (1947).

Joseph Heller, Catch-22 (The Modern Library 1961).

A partial list of immunities from criminal prosecution under Oklahoma Statutes includes 10A O.S.2011, § 1-2-104 (granting immunity "from any liability, civil or criminal," for person making good faith report of suspected child abuse or neglect); § 1-2-109(A) (prohibiting child abandonment or neglect prosecution for parent who relinquishes child (7) days old or younger to medical provider or rescuer); § 1-2-109(H)(granting medical provider or child rescuer immunity "from any criminal liability that might otherwise result" from good faith action of receiving a relinquished child); 21 O.S.2011, § 1290.24 (granting immunity from "liability" in connection with handgun licensing); § 1767.4 (granting immunity from "any civil or criminal action or liability" to telephone companies and employees tracing unauthorized calls); 22 O.S.2011 §§ 36, 36.2 (extending the same civil and criminal immunity as a law enforcement officer to citizens aiding peace officers and park rangers); 22 O.S.2011, § 59 (granting "immunity from any liability, civil or criminal," to health care workers reporting suspected domestic abuse); 22 O.S.2011, § 60.26 (granting agencies, law enforcement officers, prosecutors, and state officials immunity "from civil and criminal liability" for enforcing foreign protective orders); 22 O.S.2011, § 736 (granting witness immunity from civil or criminal process for any act prior to entry pursuant to out of state subpoena); 37A O.S.Supp.2017, § 6-126(C) (granting immunity "from criminal prosecution" for intoxicated person who requests emergency medical assistance for an individual who reasonably appeared to be in need of medical assistance due to alcohol consumption, and cooperated with authorities at the scene); 59 O.S.2011, § 1256.2 (granting social worker immunity "from civil liability or criminal prosecution for submitting in good faith" on professional misconduct); 59 O.S.Supp.2016, § 1370.3 (granting immunity from "any civil or criminal liability" resulting from good faith reports that psychologist is practicing while mentally or physically impaired); 70 O.S.2011, § 5-146.1(B) (granting school employee "immunity from all civil or criminal liability" for good faith report of minor involved in gang activity).

The Tragedy of Julius Caesar, act 3, sc. 2, ll. 252-53.