Thomas J. MASSENGALE, Petitioner,

v.

The STATE of Oklahoma, and the District Court of Pottawatomie County, Judge Don Powers, District Judge, and Thelda Bullock, Court Reporter, Respondents.

No. A–13428.

Court of Criminal Appeals of Oklahoma.

Oct. 2, 1963.

Rehearing Denied Jan. 15, 1964.

Valdhe Pitman, Malcolm A. Baucum, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., James C. Winterringer, County Atty., Pottawatomie, County, for respondent.

BUSSEY, Presiding Judge.

Original proceedings instituted by Thomas J. Massengale, in which he seeks an order extending the time within which to make, serve, and settle the casemade in the District Court of Pottawatomie County, Oklahoma; District Court Case No. 6071, and a further order directing the Court Reporter to prepare the casemade in said cause.

A response was duly filed by James C. Winterringer, County Attorney of Pottawatomie County and attorney for the respondents herein, and this cause was set for hearing on the 27th day of August 1963.

From the record and testimony at said hearing it appears that the petitioner was charged by information in the District Court in Pottawatomie County, with the Crime of Burglary. He was tried by a jury who returned a verdict of guilty, fixing his punishment at thirty (30) years in the State Penitentiary. Thereafter, on June 27, 1963, the Honorable Don C. Powers pronounced judgment and sentence against the petitioner in accordance with the verdict of the jury and after the petitioner gave notice of his intention to appeal from said judgment and sentence and order overruling his Motion for a New Trial, the Court granted an extension of thirty (30) days in addition to the time allowed by law, within which to make, serve, and settle the casemade. This time expired on August 23, 1963; thirteen (13) days after the time originally granted, had expired, Mr. Valdhe Pitman, counsel for the petitioner, filed an application before the Honorable Don C. Powers for an order extending time in which to make, serve and settle the casemade. In seeking this extension, Mr. Pitman, by verified application, stated that the failure to obtain such extension was the result of:

"Inadvertance and oversight on the part of the undersigned attorney for said defendant, which was caused by the press of other work and the absence from his office on vacation of his regular secretary who takes care of such matters."

After notice to the County Attorney, the hearing was held on the 27th day of August, 1963, at which time petitioner offered no evidence, but stood on the statement of counsel above set forth contained in the verified application.

The State called witness, Mrs. Thelda Bullock, who testified in substance, that she was the Court Reporter who transcribed the record in case No. 6071, and that she had not received a request from the petitioner or his attorney prior to August 16, 1963, but that on that date, Mr. Pitman had indicated that he would want a casemade. She further testified that on the morning the hearing was conducted (August 27, 1963) he handed her a check for a deposit on the casemade.

At the conclusion of the hearing the Court made the following remarks:

"THE COURT: I don't like to see a lawyer blame a secretary for failure to make a lawsuit—or does the Court like to deny anyone an appeal. Any counsel, with due diligence, knows the time limit for ordering a casemade and knows the Statute gives the reporter only ninety days to prepare a casemade in a criminal case at this time. In this case the Court extended an additional thirty (30) days in addition to the time allowed by law, so that the casemade could be ordered in time to be prepared. I see no reason why we should grant an extension of time in this case when this application was filed almost two weeks after the time had expired to order the casemade. We didn't do it for any of the other attorneys and I don't see why we should in this case. I am mindful of the fact that this case was set for sentencing and motion for new trial at one time

and counsel for defendant wasn't even here. We put it off for a week—defendant was in jail and they had to delay taking him to McAlester because counsel wasn't here. Then, counsel comes in here now almost two weeks after time has expired for ordering the casemade and asks for an extension of time because his secretary was on vacation and he failed to order the casemade. Application will be denied."

Title 12, Sec. 962, provides:

"The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, *for good cause shown,* but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

Petitioner, while recognizing that the granting or denial of an order extending time under the Statute above set forth is discretionary, asserts that the trial court "acted arbitrary and capricious and without authority of law".

■ We have carefully examined the record and are of the opinion that the trial court did not abuse its discretion in denying the defendant's application nor was there matters or additional evidence presented to this Court which would justify this Court in issuing an order directing that the Court Reporter prepare a casemade and a further order extending the time within which the same could be made, served, and settled. We are therefore of

the opinion that the relief prayed for should be; and the same is hereby denied.

■ Attached to this application is a Petition in Error, this Petition in Error, standing alone does not invoke the jurisdiction of this Court for review of the errors therein set forth, but petitioner may present an appeal by transcript, if the same is filed with this Court within the statutory time.

JOHNSON, J., concurs.

NIX, J., not participating.