Gale ROSS, #71178, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the District Court of Payne County, State of Okla., Respondents.

No. A-13819.

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1966.

Gale Ross, pro se, D. O. Cubbage, Cushing, for petitioner.

Max E. Sater, County Atty., Payne County, for respondents.

NIX, Judge:

Gale Ross, petitioner herein, filed an original proceedings seeking Post-Conviction Appeal alleging he was denied his right to appeal by the District Court of Payne County in case #3164.

This Court ordered an Evidentiary Hearing to be held by the District Court of Payne County on November 10, 1965, and directed that the transcript of said proceedings, along with the findings of fact of the trial judge be returned to this Court. This was done, and transcript of proceedings filed here on December 17, 1965.

According to this record, the petitioner was charged with Larceny of an Auto, was tried by a jury, found guilty, and sentenced to Five Years in the penitentiary on November 20, 1964. Court-appointed counsel stated he told defendant he would file notice of intent to appeal for him; but he did not think, in his opinion, there was any basis for an appeal. That petitioner would have to pursue it himself as his duties as court-appointed counsel would end there. He stated petitioner did not indicate he intended to go any farther with it, nor did he ever contact counsel after that time.

Petitioner filed, some 70 days later, a hand printed application which had not been verified, requesting a casemade at public expense. This was past the time allowed by law for making, signing, and settling casemade. It appears to this Court that petitioner did not pursue his alleged intention to appeal within the time prescribed by law.

When a defendant (or petitioner) does not request a casemade within the time allowed by the trial court, or by statute; in proper form; or make any further affirmative attempt to perfect his appeal before the time prescribed by law has expired, he cannot be heard to complain that his Constitutional rights have been violated or denied; and application to Court of Criminal Appeals for Post-Conviction Appeal will be denied.

BUSSEY, P. J., and BRETT, J., concur.