Leo Carl BLOCK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13876.

Court of Criminal Appeals of Oklahoma.

June 8, 1966.

Rehearing Denied June 20, 1966.

492

Raymond Burger, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Leo Carl Block, hereinafter referred to as the defendant, was charged in the District Court of McClain County with the crime of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor, Second and Subsequent Offense. He was tried by a jury, found guilty, and sentenced to pay a fine of $1.00 and Three Years in the Penitentiary. From that judgment and sentence he now attempts to appeal to this Court.

The State has filed a Motion to Dismiss, moving that this cause be dismissed for lack of jurisdiction.

It appears from the record that judgment and sentence was on June 9, 1965. Under the new statute, the defendant was required to give written notice of his intention to appeal, and request for casemade, in open court or within ten days thereafter. After said written notice of intent to appeal and request for casemade is given, defendant would automatically have Six (6) months from date of judgment and sentence to file his appeal in a felony case in this Court.

Title 22, O.S.A. §§ 1054, 1060, effective May 19, 1965.

This Court as repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory. See, Masters v. State, Okl.Cr., 408 P.2d 801. Inasmuch as no written notice of intent to appeal or request for casemade was given in the instant cause, this Court could not have acquired jurisdiction after June 19, 1965 (ten days after judgment and sentence) and the trial judge should have carried out the judgment at that time.

The Motion to Dismiss by the State is hereby sustained, and the attempted appeal is dismissed.

BUSSEY, P. J. and BRETT, J., concur.