**Thomas J. MASSINGALE, Petitioner,**

v.

**DISTRICT COURT OF POTTAWATOMIE COUNTY, State of Oklahoma,**
**Respondent.**

**No. A–14653.**

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1968.

Thomas J. Massingale, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

PER CURIAM.

This is an original proceeding in which Thomas J. Massingale has petitioned, pro se as a pauper, for a writ of mandamus to direct the district court of Pottawatomie County to prepare a casemade at public expense and to grant Petitioner a post-conviction appeal.

Petitioner was convicted by a jury of the crime of burglary in the district court of Pottawatomie County with punishment set at thirty (30) years imprisonment. Judgment and sentence were pronounced on June 27, 1963, at which time the court granted an extension of 30 days in addition to the time allowed by law within which to make, serve, and settle the casemade. This time expired on August 23, 1963, and thirteen days thereafter Petitioner's counsel filed for a second extension of time with the district court. A further extension of time was denied as being without justification.

Thereupon Petitioner's counsel sought a writ of mandamus in the Court of Criminal Appeals. This Court denied said writ on October 2, 1963, and held that the refusal of the district court to order an extension of time within which to make, serve, and prepare a casemade, after time originally granted had expired, was not an abuse of discretion, in the absence of additional evidence justifying issuance of a time extension order. Massengale v. State, Okl.Cr., 388 P.2d 329.

Apparently, Petitioner, in bringing the instant mandamus application, seeks to take advantage of the post-conviction appeal statute, 22 O.S.Supp.1968, § 1073, enacted by the Legislature subsequent to Petitioner's prior mandamus proceeding before this Court.

■ Post-conviction appeal as authorized by 22 O.S.Supp.1968, § 1073, allows appellate review of a conviction after the original time in which an appeal should have been perfected has expired when it appears some constitutional right has been violated. The only basis asserted by Petitioner in requesting a post-conviction appeal is the lack of an appellate review. Petitioner does not raise any other issues nor does he allege the denial of any other constitutional right.

■ A defendant may appeal a judgment against him "as a matter of right" in Oklahoma. 22 O.S.Supp.1968, § 1051. However, the manner of taking an appeal is a matter of Legislative discretion and the procedure prescribed by statute is mandatory. Rose v. State, Okl.Cr., 425 P.2d 1000. The failure to comply with statutes concerning criminal appellate procedure is fatal to an appeal. Houston v. State, Okl. Cr., 409 P.2d 377. 22 O.S.Supp.1968, § 1054, which provides the time for taking an appeal is mandatory and must be strictly followed. Love v. State, Okl.Cr., 389 P.2d 367, certiorari denied 377 U.S. 948, 85 S.Ct. 1358, 12 L.Ed.2d 310.

■ The absence of appellate review does not necessarily mean the denial of the right to appeal. In Ross v. Page, Okl.Cr., 410 P.2d 895, this Court held:

"When a defendant (or petitioner) does not request a casemade within the time allowed by the trial court, or by statute; in proper form; or make any further affirmative attempt to perfect his appeal before the time prescribed by law has expired, he cannot be heard to complain that his Constitutional rights have been violated or denied; and application to Court of Criminal Appeals for Post-Conviction Appeal will be denied."

■ This Court has previously held that the district court of Pottawatomie County did not abuse its discretion in denying Petitioner a further extension of time in which to settle a casemade. Massingale v. State, supra. Accordingly, Petitioner has not been denied his right to appeal but rather he has failed to comply with the mandatory procedure and has forfeited an appeal. Since no right has been denied, Petitioner cannot now, under the facts of

his case, seek a post-conviction appeal on the basis of denial of appeal.

In the immediate proceeding Petitioner alleges his present indigency. However, Petitioner was represented by counsel of his own choice at his trial, when he sought a further extension of time in the district court, and when he previously sought a writ of mandamus in this Court. Nor does Petitioner allege that he was a pauper during the time when his appeal should have been perfected. Consequently, it cannot be argued that Petitioner's indigency was the cause of the failure to perfect a timely appeal which might justify the granting of a post-conviction appeal.

For the foregoing reasons the application for a writ is hereby denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law by the Referee was submitted to the Court and approved and adopted by the Court.