**Tommy Howard GILBREATH, Petitioner,**

**v.**

**STATE of Oklahoma, and District Court of Oklahoma County, Respondents.**

**No. A–14780.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1969.

Tommy Howard Gilbreath, pro se.

G. T. Blankenship, Atty. Gen., Charles Owens, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which Tommy Howard Gilbreath seeks an appeal out of time of the judgment and sentence rendered against him on February 7, 1968, sentencing him to two years in the State Penitentiary on his plea of guilty to the crime of second degree burglary, Case No. 33782, District Court of Oklahoma County, Oklahoma. Petitioner alleges that he has a history of mental illness and has been a patient in state hospitals due to his mental incapability prior to the time of his sentencing on the above charge. Petitioner alleges that he was denied his attempt to appeal his conviction by the District Court and thus seeks this post-conviction appeal under the authority of 22 O.S.Supp.1968, § 1073. Petitioner further alleges that his attorney, employed by his mother, failed to ask for a jury trial on the question of Petitioner's sanity.

The appearance docket reflects that Petitioner while represented by employed counsel, Charles W. Adams, withdrew his plea of not guilty and entered a plea of guilty on February 7, 1968, and upon waiving

time for sentencing was sentenced to two years in the penitentiary. The "summary of facts on plea of guilty" signed by the District Judge, Assistant District Attorney, Attorney for the Defendant, and Court Reporter, indicates that Petitioner was fully advised of all of his rights; that he entered his plea voluntarily without being abused, mistreated, or threatened; that he was fully advised of his right of appeal and that such appeal could be made at state expense if he was unable to afford such; that he waived the right to appeal with the appointment of counsel and casemade at public expense. It was agreed that the Petitioner would remain in the county jail for ten days before being transported to the penitentiary.

On February 19, 1968, the Petitioner while represented by Mr. Charles Adams came before Judge Clarence Mills for a hearing on the question as to whether or not Petitioner could appeal his conviction. At this hearing the Petitioner inquired: "I was wondering if I had a right to go ahead and appeal." Petitioner's counsel stated that he had no indication that Petitioner desired to appeal the judgment and sentence and that Petitioner had indicated at the time of sentencing that he did not desire an appeal. Judge Mills then made a finding that the ten day period in which to indicate the desire to appeal had expired. It is also significant to note that at this time the Petitioner upon questioning by the Court indicated that he had been satisfied with his lawyer.

■ This Court held in the second and third paragraph of its syllabus in Rose v. State, Okl.Cr., 425 P.2d 1000, as follows:

"In order to perfect an appeal from a judgment of conviction in a criminal case, it is mandatory that notice of intent to appeal and request for casemade or transcript, both in writing, be given in open court at the time of judgment and sentence or within ten days thereafter.

"A failure to give such written notice of intention to appeal and request for casemade or transcript within the time provided by statute, is fatal to the appeal, for the Court of Criminal Appeals has no jurisdiction to hear and determine appeal on its merits."

■ In the instant case Petitioner while represented by retained counsel entered a plea of guilty and at that time indicated that he did not desire an appeal of the judgment and sentence rendered on his plea of guilty. At a hearing twelve days after the date of sentencing Petitioner while represented by counsel indicated that he was satisfied by his counsel's representation and the District Judge found that the ten day period in which to give notice on intent to appeal had expired. Accordingly, it is apparent that Petitioner waived his right to appeal his conviction and did so voluntarily. Although an accused is entitled to an appeal of his sentence and judgment upon a plea of guilty said right may be waived and is waived if he fails to give notice of appeal and perfects an appeal within the time allowed by statutes. Massingale v. District Court of Pottawatomie County, Okl.Cr., 446 P.2d 62.

■ We find that there is no need for an evidentiary hearing on the instant petition since the allegations do not state a basis for the granting of relief in view of the hearing held in district court after sentencing. For the foregoing reasons the application for an appeal out of time under the authority of 22 O.S.Supp.1968, § 1073, is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. Penn Lerblance, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.