**Argil C. MARTIN, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. A–14994.**

Court of Criminal Appeals of Oklahoma.

July 2, 1969.

Sam Harris and James M. Lee, Tulsa, for petitioner.

J. Fred Green, Dist. Atty., William H. Bliss, Asst. Dist. Atty. Cherokee County, Okl., for respondents.

## MEMORANDUM OPINION

PER CURIAM.

This is an original proceeding in which Argil C. Martin has petitioned this Court for a "post conviction appeal" or appeal out of time under the authority of 22 O.S. Supp.1968, § 1073, from the judgment and sentence imposed on April 15, 1966, in the District Court of Cherokee County, Oklahoma, in Case Nos. 2628 and 2652, in which petitioner was sentenced to two concurrent terms of life imprisonment upon his plea of guilty to two charges of murder.

In view of petitioner's allegation that he had been denied to his right to appeal by the failure of his counsel to perfect an appeal as had been promised and which induced his plea of guilty, this Court ordered that an evidentiary hearing be conducted in the District Court of Cherokee County on petitioner's application. Said evidentiary hearing was conducted on March 20, 1969, before the Honorable C. F. Bliss, Jr., District Judge, with the petitioner present and

represented by retained counsel, James M. Lee and Sam Harris, and the State represented by J. Fred Green, District Attorney, and William H. Bliss, Assistant District Attorney. At this hearing, the testimony of two witnesses, the petitioner, and his court appointed trial counsel, Jack Durett, II, was taken and several documentary exhibits as well as a complete record of the trial court proceedings and minutes were admitted into evidence.

From a review of the transcript of the hearing and the complete record herein, we concur with and adopt the findings made by Judge Bliss as follows:

"1. On Monday, the 11th day of April, 1966, the trial of Case No. 2652, in which defendant, Argil C. Martin, was charged with the murder of Lona Alred, began.

2. Case No. 2628, wherein Argil C. Martin was charged with the murder of Albert Alred, appeared on the same docket and was to be tried subsequent to the trial of Case No. 2652.

3. Mr. Jack Durett, II, attorney at law, Tahlequah, Oklahoma, was court appointed to represent the defendant in each case. He was appointed before preliminary hearing was requested in each case, although later waived, and he continued to represent the defendant throughout the entire proceedings in each case.

4. Contrary to the charge or accusation of the defendant that his court appointed counsel was inadequate, the said counsel, Jack Durett, II, was, and is, a young, aggressive, intelligent and capable attorney, and devoted adequate time and capable services to the defendant in each case.

5. On the night of Tuesday, April 12, 1966, and after the second day of the trial of Case No. 2652, the said Jack Durett, II, knowing that the next day the State would probably rest its evidence in chief and that the defense would have to proceed, went to the County Jail to confer with the said Argil C. Martin as to certain aspects of the State's case in relation to the defense. The two conferred at great length and well into the night.

During this conference the defendant expressed grave concern as to the impact and consequences of the State's evidence on the jury, and he commenced to fear the possibility of a death verdict at the hands of the jury.

Defendant then requested his counsel to explore the possible outcome or penalty if he changed his plea in each case to that of guilty, knowing the penalty would be either life imprisonment or death.

6. The next morning, April 13, 1966, in open court, the defendant and his attorney announced to the Court defendant's desire to withdraw his plea of not guilty and to enter a plea of guilty to the charge of murder in each case, Case No. 2652 and Case No. 2628. This was done and the court accepted the plea of guilty in each case.

7. On April 15, 1966, and more than forty-eight (48) hours after the plea of guilty, the court pronounced judgment and sentence in each case to be life imprisonment.

8. Never at any time did defendant's counsel, Jack Durett, II, persuade or induce defendant to plead guilty in either case, but on the contrary, defendant's action or plea of guilty was of his own thinking and suggestion, and the exercise of his own free will, prompted by his own assessment of the grave consequences of the State's evidence.

9. Both defendant and his counsel hoped a plea of guilty would result in a life imprisonment sentence in each case, and if so, each would be

happy with it and consider it a job well done.

10. Defendant and his counsel did agree that if the death sentence should be pronounced in either case, then, and only then, would counsel appeal to the Court of Criminal Appeals, the right of which appeal the defendant well knew.

Defendant did not wish to appeal in either case if he received a life sentence in each case. Therefore, defendant and counsel did not agree at any time, before or after pronouncement of life sentences, to appeal in either case.

11. Defendant was not denied his constitutional right to appeal to the Court of Criminal Appeals in either case by reason of any act or alleged omission on the part of his counsel, Jack Durett, II."

 The absence of appeal of petitioner's conviction was not due to his ignorance of the right to appeal or the failure of counsel to act according to the desire of his client, or any other misinformation or misunderstanding. Knowing that the only sentence possible upon entering his plea was death or life imprisonment, the petitioner had an understanding that counsel would appeal if death was the sentence imposed. When life imprisonment was imposed, counsel's actions in not perfecting an appeal were in accord with the desire of his client. The petitioner himself thereby waived his right to appeal. Although petitioner may have now changed his mind and desire to appeal his conviction, such an option is not his, for it comes too late.

An appeal out of time, as authorized by 22 O.S.Supp.1968, § 1073, can be granted only in the event that the defendant has been denied some right regarding his right to appeal his conviction. Leniger v. Page, Okl.Cr., 449 P.2d 899 (1969). The burden to show the denial of such a right is upon the petitioner. In view of the findings herein, it is apparent that the petitioner has not sustained his burden to show that he was denied any right relating to his right to appeal his conviction. Where a defendant knowingly fails to indicate to the Court or to his attorney that he desires to appeal his conviction, he cannot be heard to complain that he has been denied any right. Accordingly, such a defendant forfeits the right to appeal his conviction. Gilbreath v. State, Okl.Cr., 449 P.2d 721 (1969). We therefore conclude that petitioner is not entitled to an appeal out of time.

This application was referred to the Court Referee, Mr. Penn Lerblance, and his findings and conclusions of law as set forth herein, after careful consideration, have been adopted by the Court.

It is therefore ordered, adjudged and decreed that the application for an appeal out of time herein be denied.