**Guynn Allen HODGES, Petitioner,**

v.

**The DISTRICT COURT OF OKFUSKEE COUNTY,**
Respondent.

**No. H–89–1239.**

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1990.

Miles C. Zimmerman, Meeker, for petitioner, Guynn Allen Hodges.

Jess I. Miracle, Dist. Judge, Okemah, for respondent, the State of Okl.

## ORDER DENYING WRIT OF HABEAS CORPUS

The petitioner, Guynn Allen Hodges, has filed an application with this Court to assume jurisdiction and to issue a writ of habeas corpus in Okfuskee County District Court Case No. CRF–85–37. The factual background as to this case is necessary so that the order herein may be understood.

It appears that the petitioner originally received a two (2) year suspended sentence on the charge of receiving stolen property. This was on February 13, 1986; on July 6, 1987, this suspended sentence was revoked after the filing of a Motion to Revoke by the District Attorney. Petitioner, on July 7, 1987, filed his Notice of Intent to Appeal and his Designation of Record from the ruling of the District Court revoking his suspended sentence. It appears that the court reporter and court clerk complied with the filing, prepared the record, and the transcript was completed and paid for by the attorney for petitioner, all within the six month period for the appeal. The court clerk again during the six month period gave notice of the completion of the record on appeal. It further appears that petitioner's attorney was notified by the District Judge of the completion of the record. In the brief filed by petitioner's attorney, he makes the following statement: "Following those filings and with the consent of the petitioner, trial counsel agreed to abandon the appeal in the petitioner's best interest. The case was never transmitted to the Court of Criminal Appeals nor was any Petition in Error ever filed".

It then appears that the matter must have "fallen through the crack" and petitioner remained free on bond until on October 6, 1989, the trial judge discovered the appeal had not been filed and issued a warrant for defendant's arrest. Petitioner is presently incarcerated in the state penitentiary to serve the two year sentence. Petitioner contends that such sentence has run, that is, from July 7, 1987 to July 7, 1989, or in the alternative, petitioner maintains that the sentence would have begun to run from the date the appeal ordinarily would have been completed which was six months from July 7, 1987, or January 6, 1988, with the two year sentence ending January 6, 1990.

Petitioner relies upon the case of *Rose v. State*, 425 P.2d 1000 (Okl.Cr.1967). That case holds that this Court (Court of Criminal Appeals) could not have acquired jurisdiction in a case where the notice of intent to appeal was not filed within ten days. The case does indicate that when this occurred, the trial judge should have carried out the judgment at that time. There is no

question that in this case had that have occurred, it would have simplified the matter and the fact that petitioner was not ordered to jail does create the problem that is set forth herein. It would appear that this is a case of first impression of this Court. It would also appear that the equitable doctrine of "clean hands" obviously comes into play. The petitioner and his attorney were the ones who commenced the appeal and then abandoned the appeal. Petitioner was out on bond and he cannot benefit from his own lack of completing the appeal. The bond actually stayed his incarceration and, therefore, petitioner cannot complain because he has been benefited by the bond but now must serve the time that the Court ordered him to serve. Therefore, the writ of habeas corpus is DENIED.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 3rd day of January, 1990.

ED PARKS, P.J.

JAMES F. LANE, J.

TOM BRETT, J.

GARY L. LUMPKIN, J.

CHARLES A. JOHNSON, J.